UNITED STATES *v.* FIFTY-NINE DEMIJOHNS AGUADIENTE AND FOUR BARRELS OF CIGARETTES.

*(District Court, S. D. Florida.   June 15, 1889.)*

INTERNAL REVENUE—CIGARETTES—FORFEITURE SALE.
   The term "tax," as used in the last clause of section 3369, Rev. St., is not intended to include import duties, and cigarettes, when forfeited, may be sold and delivered when they bring enough to pay the internal revenue tax, although they may not bring enough to pay that and the customs duties.
*(Syllabus by the Court.)*

Seizure.   In admiralty.   Condemnation of property for being fraudulently brought into the United States.

*L. W. Bethel*, U. S. Dist. Atty.

LOCKE, J.   This property has been condemned and forfeited for a fraudulent bringing into the United States, and the question now arises as to the disposal of a portion of it.   It has been ordered sold, and the aguadiente has been already sold and delivered, but it appears from the report of the marshal that the cigarettes are packed in packages of 12 in a package, and are unstamped; that they have been offered for sale, and, as far as properly could be, before being properly packed and stamped, sold for two cents a package.   This is more than enough to pay the internal revenue tax, but not enough to pay that and the import duties.

The sixteenth section of the act of March 1, 1879, (20 St. at Large, p. 348,) provides that imported cigarettes shall be repacked, and stamped with both custom inspection and internal revenue stamps, and such stamps canceled, before being delivered for consumption.   Whether such restrictions, intended for manufacturers and importers, should be considered as binding when found opposed to the enforcement of a judicial sale, it is not necessary to determine, as the reasons for complying, where it may be so easily done as in the present case, seem satisfactory and sufficient.

The last clause of section 3369, Rev. St., provides that, whenever forfeited cigars—and cigarettes come under the same provision—offered for sale "will not bring a price equal to the tax due and payable thereon, such goods shall not be sold for consumption in the United States," and the commissioner of internal revenue is authorized to order the destruction of the same.   Under this section the practice of the officers of the customs of this district, whenever the amounts of cigarettes forfeited have been too small to require judicial action, has been to construe the term "tax" as relating both to the internal revenue tax and the import duties, and unless when offered for sale they would bring enough to pay both such amounts, report the same for destruction.   I have not been referred to, or have I been able to find, any judicial or department decision in support of this construction, but it has been followed so long in practice that it would seem to require careful examination before being changed.

The property has been forfeited, and become the property of the United States, and a public sale directed by section 939, Rev. St., unless there is a more recent enactment prohibiting it. Do the provisions of Rev. St. § 3369, do so?

It is true the word "taxes," in its most extended sense, may include all contributions imposed by the government, of whatsoever kind or description, whether against person or property; but in its more confined sense it is used in contradistinction to duties and imposts. Section 8, art. 1, of the constitution, uses the term "tax" in this sense apparently, and provides that congress shall have power to lay and collect taxes, duties, imposts, and excises. In which sense has congress used the word in this connection,—in its more extended or its more restricted meaning? and what was the intention in prohibiting the sale, and authorizing the destruction, of this class of property?

The act of July 20, 1868, being an act imposing taxes on spirits and tobacco, invariably uses the term "tax" or "taxes" when referring to the internal revenue; but whenever it speaks of the amounts to be collected by the customs department it denominates them "duties," or "import duties." In section 77, speaking collectively of the amounts to be collected on tobacco and snuff, the language is, they, "in addition to the import duties, shall pay the tax prescribed." The same language is used in regard to cigars in section 93. Section 87 provides that the commissioner of internal revenue shall cause to be prepared suitable stamps for the payment of the "tax" on cigars; and section 103, that when any tax is imposed the same shall be established by the regulations of the commissioner of internal revenue. In the act of June 6, 1872, "to reduce duties on imports and internal taxes," in the thirty-first section of which the provisions of law under consideration are found, every section, to the eleventh inclusive, where the subject treated of is imported goods and collections on them, in speaking of such, invariably uses the term "duty" or "duties," and from the twelfth section forward, where the provisions relate entirely to internal revenue, the word "tax" is used alone. In a careful examination of the numerous instances in which the word "tax" is used throughout the entire statutes of the United States, I have failed to find one where it can, with any degree of satisfaction, be applied to duties on imports. The history of the legislation of the country upon revenue appears to show it to have adopted the restricted use of the term, and to have used it in no other sense. It seems unquestionable to me that it was so used in the act from which the section was taken, deliberately and intentionally; that the term "tax" was only intended to apply to the internal revenue, and the term "duty" or "import duty" to customs; and when both were intended both were used, as in sections 77 and 93 of the act of July, 1868; and that, where the word "tax" was used alone, as in section 3369, it was not intended to include import duties; and there is therefore no prohibition against selling cigarettes, where they bring more than enough to pay the internal revenue tax, notwithstanding they may not bring enough to pay the import duties. The customs laws are revenue laws,

and proceedings for forfeiture must be strictly construed. Whatever questions of protection to manufacturers may incidentally arise are for political, and not judicial, consideration. Outside of the section referred to, I know of no special or general provision of law which would prevent the sale of any property forfeited for violation of the customs laws, regardless of the price it may bring. The aguadiente in this case did not bring as much as the duty would be on it, but I know of nothing that would permit a destruction instead of a sale. Whatever property brings, be it much or little, goes to increase the revenue to that extent, with no profit to those through whose fault or crime it has been forfeited.

But the provisions regarding the repacking and stamping are direct, positive, easily complied with, and should be observed. The collector of internal revenue is custodian of the internal revenue stamps, and although it is provided that upon requisition they may be furnished to the officer without payment, that was undoubtedly intended to apply to property forfeited under the internal revenue law, where the entire proceeds were finally placed to the credit of that division of the treasury; but, where the proceeds are to be paid to the department of customs, it seems but proper that the amount due the internal revenue should be paid from the proceeds, and it is so directed. The marshal will therefore procure from the collector of internal revenue and the collector of customs the proper stamps; have such cigarettes properly repacked in packages of 10, 20, or 50, properly stamped, the stamps canceled, and the cigarettes delivered in accordance with the terms of the sale, and bring the proceeds into the registry of the court.