## In re ROSENTHAL BROS.

### Ex parte UNITED STATES.

#### (District Court, S. D. New York. July 7, 1916.)

BANKRUPTCY ☞346—PRIORITY—"TAXES"—DUTIES.

Under Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (Comp. St. 1913, § 9648), declaring that all taxes due and owing the United States shall be entitled to priority, duties imposed upon imports and due from a bankrupt must be treated as taxes, and the United States' claim therefor is entitled to priority; the word "tax," as used in the statute, meaning a burden laid upon individuals or property for the support of the government, including duties.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ☞346.

For other definitions, see Words and Phrases, First and Second Series, Tax.]

In Bankruptcy. In the matter of the bankruptcy of Rosenthal Bros. The United States of America claimed priority for balance due upon duties imposed on goods imported by the bankrupts. On petition to review the order of the referee, holding the United States entitled to priority. Order affirmed, and petition denied.

This is a petition to review the order of a referee in bankruptcy holding the United States entitled under section 64a of the Bankruptcy Act to a priority in the payment of a claim. The claim was for the balance due the United States upon duties imposed upon silks imported by the bankrupts. The original amount of the duties had been reduced by sale of the goods, but a balance of $651.33 remained, which was concededly owed by the bankrupts.

Charles L. Greenhall, of New York City, for petitioner.
Earl B. Barnes, of New York City, for respondent.

LEARNED HAND, District Judge. The question turns upon whether the duties were a "tax" under section 64a. In re Pedlow, 32 Am. Bank. Rep. 808, Referee Dexter held that duties were not taxes and this was affirmed by Judge Hough in an unreported decision. That decision, however, was certainly intended only to serve as a stepping stone to a final decision, not as a binding precedent, as clearly appears from the memorandum handed down. Therefore I shall not' treat it as such.

The word "tax," in section 64a, is certainly used broadly. New Jersey v. Anderson, 203 U. S. 483, 492, 27 Sup. Ct. 137, 51 L. Ed. 284. It covers a franchise license tax, which is rather akin to an excise upon the privilege of doing business in corporate form than to a tax proper. The language used of the section in New Jersey v. Anderson, supra, 203 U. S. 492, 27 Sup. Ct. 137, 51 L. Ed. 284, would include a duty or impost. It is as follows:

"Generally speaking, a tax is a pecuniary burden laid upon individuals or property for the purpose of supporting the government."

A case like United States v. 59 Demijohns (D. C.) 39 Fed. 401, is not in point, because it construes the word "tax," when it occurs in a statute which distinguishes between taxes and duties. Here the word is used alone, apparently to cover all sorts of governmental exactions.

Were it not true, a strange result would follow. Taxes would have a priority, all debts to the United States would have a priority, though in later order, duties alone would share equally with all other creditors. I say that debts to the United States would have priority, because that is the obvious implication from Guaranty Co. v. Title & Security Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L. Ed. 706. It is true that the only question in that case was of the priority between debts to the United States and wage claims, yet some priority was certainly supposed to be enjoyed by debts to the United States by virtue of section 64b(6).

The sovereign has always claimed priority in the payment of claims due it, and there is no conceivable reason to my thinking why an artificial distinction should be made because section 64a was not redundant in its expression.

Order affirmed; petition denied.