## In re WEISSMAN.

(District Court, D. Connecticut. March 14, 1910.)

### No. 2,354.

BANKRUPTCY (§ 346*)—DISTRIBUTION OF ESTATE—PRIORITIES—TAXES.

Under Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), which provides that "the court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, and municipality in advance of the payment of dividends to creditors," all taxes which were collectible from the bankrupt prior to his bankruptcy must be paid, and it is immaterial that, through the negligence of the officers charged with their collection, taxes have accumulated until the aggregate amount with interest will absorb all or a large part of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 346.*]

In the matter of George Weissman, bankrupt. On review of order of referee. Reversed.

The following is the certificate from the referee:

I, Henry G. Newton, referee in bankruptcy, hereby certify that, in the course of the proceedings, a question arose as to the payment of a claim for taxes. George Weissman was adjudicated a bankrupt January 28, 1910. His entire property, including choses in action, brought $1,385. The city of ̇ẇ Haven filed claims for taxes for 12 different years, which claim is hereto annexed. After payment of expenses and preferred claims and claims for wages, this claim will take a large part, if not all, of the money which would otherwise be available for payment of dividends on the general claims. It has repeatedly happened, in my experience as referee, that claims for taxes, which had been allowed to lie uncollected and bearing interest for many years, have thus taken all the available assets, leaving nothing for creditors. The result is that the goods furnished by creditors within two or three months of the bankruptcy have been used to pay the claims for taxes accruing several years before. This result appears to be unjust, and one which Congress did not intend. It seems to me that those who have passed the statute and rules have assumed that there might be claims for one year's taxes. In the present case, the injustice is the greater because the property was assessed at $4,000, and the trustee was able to realize only $1,385. What has appeared to me the evil and injustice of forcing those furnishing goods within a few weeks or months to pay for the default of the collector of taxes, in not collecting when due, has occurred so many times that I have thought it my duty to ask the judge of the court to pass upon the question, which I can only do by refusing to order the payment of the claim. In the present case, I have therefore ordered the trustee to pay the taxes on the list of 1908 and 1909, amounting to $153.75; and, from this order, the city of New Haven has filed a petition for review, stating that the whole tax should be ordered paid.

There is another question which has arisen in other cases, and which might possibly be claimed in this case. The tax on the list of 1909 could not be collected by levy until September 1, 1910. I have had objections made to ordering a tax paid which had not become due. The question is raised in a case in Waterbury whether a tax laid on the list of October 1, 1909, of a bankrupt who was adjudicated in December, and the tax not being actually laid, so as to become due in any way until the 1st of March, 1910, should be ordered

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paid; and, if the judge thinks it proper (in rendering the present decision) to express an opinion upon that subject, it might save another certificate to court; and it is a question which undoubtedly will arise in the city of New Haven several times during the present year.

Henry H. Townshend, for city of New Haven.

David Strouse, for trustee.

PLATT, District Judge. That portion of section 64, subd. "a," of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), next to be quoted, controls the decision herein:

"(a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality, in advance of the payment of dividends to creditors. * * *"

By this legislation Congress seems to have placed valid and subsisting taxes in a class by themselves and of the highest rank. The only possible question to be decided is whether the taxes, which the trustee has not been ordered to pay, were collectible from the bankrupt prior to adjudication. If they were legally due and owing at that time, they must be paid now. The referee seems to think that they were not, because the collectors had been guilty of laches in failing to collect sooner. Without explanation of the reasons for noncollection, it strikes one that the collectors have been disgracefully slack, but I cannot believe that in a suit against Weissman before bankruptcy such a defense would have been made, or, if it had been made, would have been seriously listened to by any court.

The logic of the referee has another peculiar twist in it. He has ordered the last two years' taxes paid, and stopped there. He appears to have fixed the line of demarcation according to his own notions of equity and justice, but I can discover no substantial reason for including 1908 and excluding 1907 or 1906. His reasoning applies to one as well as to the other. So far as those who came creditors just prior to bankruptcy are concerned, they had the same facilities for discovering that each of these taxes had not been paid, and one tax lessened their security quite as surely as the other did. This last thought applies to all the taxes. The city hall was easy to be found, and, for the matter of that, the telephone makes every tax collector's office very accessible to every creditor, wherever he may be. The taxes were a matter of public record, and the creditors were bound to know about them, just as they were bound to know of any matter of record concerning Mr. Weissman's affairs. I appreciate the good purpose of the referee in his decision and, if the law would permit me, I should uphold him with both hands. The conduct of the officials was atrocious, but the remedy lies with Congress, and not with the courts. Once in a while it seems unfortunate that the courts cannot legislate, but the country is too near the edge of disorder and chaos to even think of weakening the perfect line of cleavage between the executive, legislative, and judicial departments. Let the trustee pay all the taxes which are legally due and owing from the bankrupt estate.

I shall not undertake to solve the abstract problem which the referee puts forward at the end of his certificate, until it presents itself to me in concrete form.

Possibly this memorandum may be of service to the referee in deciding other tax questions which trouble him, but, in my opinion, it would be a distinct disadvantage to advise generally on such subjects.