## In re KITTENPLAN.

### (District Court, S. D. New York.   July 20, 1922.)

**Bankruptcy ⬥═346—Taxes entitled to priority over all contract debts.**

Under Bankruptcy Act, § 64a (Comp. St. § 9648), taxes legally due and owing by bankrupt are entitled to priority of payment over all contract debts, including claims for wages given priority over other debts by subdivision b(4).

In Bankruptcy.

In the matter of Morris Kittenplan, bankrupt.   On review of order of referee.   Reversed.

Rosenthal & Heermance, of New York City, for trustee.

William Hayward, U. S. Atty., of New York City (Francis A. McGurk, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Benjamin Lichterman, of Brooklyn, N. Y., for wage claimant.

KNOX, District Judge.   Upon petition to review and revise an order of the referee herein, awarding priority of payment of wages to Nettie Yellon, an employee of the bankrupt, to a claim of the United States for taxes.

In making the order complained of, the referee relied upon the decision of Guarantee Title & Trust Co., Trustee, v. Title Guarantee & Trust Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L. Ed. 706.   That case, as I read it, is authority for the proposition that preferred labor claims have priority over debts owing the United States.   The court, however, in rendering its decision, expressly said:

"The only exception is 'taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality.'   These were civil obligations, not personal conventions, and preference was given to them   *   *   *   by the act of 1898.

In view of this, I cannot agree that the case is authority for the ruling made by the referee.   In section 621 of the recent edition of Black on Bankruptcy, it is said:

"*   *   *   But a claim for taxes due either to the United States or to a state is entitled to priority over all other priority claims, even over the trustee's commissions and his necessary expenses."

In support of this statement of what he conceives to be the law, Mr. Black cited the decision of Judge Hough in Re Weiss (D. C.) 159 Fed. 295.

The case of In re Weissman (D. C.) 178 Fed. 115, states that in enacting section 64a of the Bankruptcy Act (Comp. St. § 9648) "*   *   *   Congress seems to have placed valid and subsisting taxes in a class by themselves and of the highest rank."   Debts with respect to which wage-earners are given priority are specified in subdivision "b" of section 64 of the act, and thus come within a different and subordinate category to exactions imposed for the support of the government.

⬥═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

I see nothing in Re Anderson, Ex parte William H. Edwards, Collector (D. C.) 275 Fed. 397, which will lead to a result contrary to that I have reached.

The order of the referee is reversed.