## In re WEST COAST RUBBER CORPORATION, Inc.

## UNITED STATES et al. v. OLIVER et al.

(Circuit Court of Appeals, Ninth Circuit.  July 2, 1923.)

No. 3966.

1. **Bankruptcy** ⬅346—"Dividends to creditors" is not necessarily limited to partial payments to general creditors; "dividend."

Within Bankruptcy Act, § 64a (Comp. St. § 9648), directing taxes to be paid before the payment of dividends to creditors, the term "dividends to creditors" does not necessarily refer, as it ordinarily does, only to partial payments to general creditors, but a "dividend" is the sum of money which is to be divided among two or more creditors, either as partial or full payment, and therefore may include full payment to preferred creditors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dividend (in Bankruptcy).]

2. **Bankruptcy** ⬅346—Taxes are to be paid before claims for wages.

Under Bankruptcy Act, § 64a (Comp. St. § 9648), requiring taxes to be paid before dividends to creditors, it was the intention to require the payment of taxes before any payment was made to creditors, whether they are general or preferred, and therefore the taxes are entitled to payment before the payment of claims for wages, which by section 64b are given priority after payment of costs of preserving the estate, filing fees, and cost of administration.

Petition for Revision of an Order of the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

In the matter of the West Coast Rubber Corporation, Inc., bankrupt. On petition by the United States and the City and County of San Francisco to revise an order (283 Fed. 351) directing payment of claim for wages prior to payment of taxes owed by the bankrupt, opposed by A. J. Oliver, as trustee, and others. Order reversed.

John T. Williams, U. S. Atty., and James Raleigh Kelly, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

George W. Lull, City Atty., and E. J. Mitchell, Asst. City Atty., both of San Francisco, Cal., for petitioner City and County of San Francisco.

Reuben G. Hunt, of San Francisco, Cal., for respondents.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. This case, on petition for revision, presents the question of the relative order of priority between tax claims and labor claims in the distribution of an estate in bankruptcy; the assets being insufficient to pay all such claims in full. It involves the construction of sections 64a and 64b of the Bankruptcy Act (Comp. St. § 9648). Section 64a directs the court to order the payment of—

"all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in the advance of the payment of dividends to creditors."

Section 64b provides:

"The debts to have priority, except as herein provided, and to be paid in full out of bankrupt's estates, * * * shall be [after payment of costs of preserving the estate, filing fees and costs of administrations]: (4) Wages of workmen," etc.; "wages due to workmen, clerks, traveling or city salesmen, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundrd dollars to each claimant."

[1] The court below held that the claim for wages was prior in rank to taxes owing by the bankrupt. In support of that ruling, reference is made to the language of section 64a, in which the taxes are directed to be paid before the payment of dividends to creditors, and it is said that, as "dividends to creditors" means partial payments to general creditors, and payment of taxes is directed to be paid prior to the payment of such dividends only, the intention was to give priority to all the preferred claims mentioned in 64b. It is true that the term "dividends to creditors" ordinarily refers to dividends to general creditors. But it does not necessarily have that meaning. A dividend is that which is to be divided. In bankruptcy it is the sum of money which is to be divided among two or more creditors. It is not necessarily a partial payment. It is obvious that it may at times be a payment in full even as to general creditors.

[2] We think it is the intention of section 64a to provide that taxes shall be paid before any payment is made to creditors, whether they be general creditors or preferred creditors. The power to levy and collect taxes is not only an indispensable attribute of sovereignty but it is absolutely necessary to the support of government, the maintenance of law and order, and the protection of life and property. It is not to be supposed that the power to tax would be subordinated to the claim of any creditor, however meritorious that claim may be. In the Bankruptcy Act of 1867 (14 Stat. 517) this was not left to doubt. The law made it clear that, after the payment of fees, costs, and expenses, all debts due the United States and all taxes and assessments under both the laws of the United States and the states should be paid, and thereafter wages for services performed within a stated period prior to bankruptcy.

The court below found authority for its ruling in Richmond v. Bird, 249 U. S. 174, 39 Sup. Ct. 186, 63 L. Ed. 543, in which the court said:

"Section 64a directs that taxes be paid in advance of dividends to creditors; and 'dividend' as commonly used throughout the act means partial payment to general creditors."

We do not find that the court was there dealing with the question which is involved in this case. That was a case in which the city of Richmond sought to have taxes declared payable out of the bankrupt's assets in preference to the claim of a landlord, which was secured by a specific lien arising upon distraint. The court held that the city had no such superior right, since neither the laws of the United States nor those of the state accorded it such priority. In Richmond v. Bird no reference was made to Guarantee Company v. Title Guar-

anty Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L. Ed. 706. In the latter case the court had said:

"Labor claims are given priority, and it is provided that debts having priority shall be paid in full. The only exception is 'taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality.'"

It is objected that what was thus said was obiter; but, conceding that it may have been unnecessary to the decision of the question then pending before the court, it should nevertheless be taken as the expression of the view of the court upon the question of the relative rank of taxes and labor claims, and we do not find that it is inconsistent with or that it is met or answered by anything that was held or said in Richmond v. Bird. In harmony with the conclusion which we reach are In re Weissman (D. C.) 178 Fed. 115, and In re Kittenplan (D. C.) 285 Fed. 62.

The petitioner discusses also the question whether penalties are allowable as part of the taxes; but that question is not properly before us, the court below not having ruled upon it, and it appearing that the referee in bankruptcy, on a hearing had before him later than the hearing which is herein sought to be revised, had fixed the amount of taxes, and that no review has been taken of his order.

The order is reversed.