### In re A. E. FOUNTAIN, Inc.

(District Court, S. D. New York. February 20, 1924.)

1. **Bankruptcy ☞346—Federal taxes have no priority over state taxes.**
   Taxes due the United States have no priority over state taxes under Bankruptcy Act, § 64 (Comp. St. § 9648), Rev. St. § 3186, as amended by Act March 4, 1913 (Comp. St. § 5908), and section 3466 (Comp. St. § 6372).

2. **Bankruptcy ☞346—Commissioner of Internal Revenue and New York State Commission having approved sharing pro rata, so ordered.**
   The Commissioner of Internal Revenue and the New York State Commission having approved sharing pro rata in fund where it is not sufficient to pay both federal and state taxes due to both, the court will not attempt to decide which are prior, but will order the taxes paid pari passu.

3. **Bankruptcy ☞346—Taxes payable with only simple interest.**
   Taxes payable out of bankrupt's estate carry only simple interest.

4. **Bankruptcy ☞346—Taxes prior over wage claims, but not expenses of administration.**
   Under Bankruptcy Act, § 64 (Comp. St. § 9648), taxes are prior to wage claims, but are not prior to administration expenses, in view of section 1, subd. 9 (Comp. St. § 9585), and section 56-b (Comp. St. § 9640).

In Bankruptcy. In the matter of the estate of A. E. Fountain, Inc., bankrupt. Referee's report modified.

William Hayward, U. S. Atty., of New York City (William M. A. O'Neill, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Carl Sherman, Atty. Gen. (Thomas J. Cuff, Deputy Atty. Gen., of counsel), for the State of New York.

Rosenberg & Ball, of New York City (Wilbur L. Ball and George G. Ernst, both of New York City, of counsel), for trustee.

AUGUSTUS N. HAND, District Judge. Three questions are raised: (1) The order of priority of payment as between federal and state taxes; (2) the priority as between taxes and the actual necessary cost of preserving the estate and the cost of administration; (3) the priority of wage claims over tax claims.

The referee held that the taxes of the United States and the state of New York should be prorated and paid pari passu, and that neither were entitled to priority as against wage claims. He also held that the cost of preserving the estate and of administration was entitled to priority over taxes. Section 64 of the Bankruptcy Act of 1898 (Comp. St. § 9648) reads as follows:

"Sec. 64. *Debts Which Have Priority.*—a. The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United

States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court.

"b. The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petition; (2) the filing fees paid by creditors in involuntary cases, and, where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the expense of one or more creditors, the reasonable expenses of such recovery; (3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow; (4) wages due to workmen, clerks, traveling or city salesmen, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant; and (5) debts owing to any person who by the laws of the states or the United States is entitled to priority.

"c. In the event of the confirmation of a composition being set aside, or a discharge revoked, the property acquired by the bankrupt in addition to his estate at the time the composition was confirmed or the adjudication was made shall be applied to the payment in full of the claims of creditors for property sold to him on credit, in good faith, while such composition or discharge was in force, and the residue if any, shall be applied to the payment of the debts which were owing at the time of the adjudication."

It is to be noticed that taxes under the foregoing provisions of the Bankruptcy Act are not directed to be paid in any precise order, though the United States is mentioned first. As the act carefully provides in subdivision "b" the order of payment of various items by placing them under separate numerals, it seems reasonable to contend that it would have done this in respect to taxes if Congress had intended any discrimination in priority between taxes due the United States and taxes due the states and political subdivisions thereof. Of course, any tax which is a lien would necessarily precede any other claim whether by virtue of the taxing power or otherwise which was not a prior lien.

[1] Judge Neterer, in the case of United States v. San Juan County (D. C.) 280 Fed. 120, decided that taxes due the United States have priority over state taxes. In this I cannot agree with him. He referred to section 3186, Rev. Stat. U. S. (Comp. St. § 5908). This section, as amended by Act of March 4, 1913, reads as follows:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States from the time when the assessment list was received by the collector, except when otherwise provided, until paid, with the interest, penalties, and costs that may accrue in addition thereto upon all property and rights to property belonging to such person. * * *"

Judge Neterer also cited section 3466 of the Revised Statutes (Comp. St. § 6372), which makes the following provision:

"Whenever any person indebted to the United States is insolvent or whenever the estate of any deceased debtor, in the hands of executors or admin-

istrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend \* \* \* to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

The taxes due the United States were not demanded prior to the filing of the petition in bankruptcy, so that no lien has ever arisen by virtue of section 3186, supra, against the fund in court. Nor does section 3466 in my opinion apply. That very section was invoked in the case of Guarantee Co. v. Title Guaranty Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L. Ed. 706, and the Supreme Court held that it was superseded by the later Bankruptcy Act. The opinion said (224 U. S. at page 160, 32 Sup. Ct. 460):

"The act takes into consideration, we think, the whole range of indebtedness of the bankrupt, national, state and individual, and assigns the order of payment."

It is contended by the state of New York that the state franchise taxes for the year 1921 are a lien by virtue of the provisions of section 219-c of the New York State Tax Law. These taxes become due in advance and are computed upon the net income for the preceding year. The tax was, however, prorated by the referee because the corporation owing to suspension of business, had not in fact exercised its franchise during the whole year owing to bankruptcy proceedings. In re Ajax Dress Co. (C. C. A.) 290 Fed. 950. This case has just been reversed by the Supreme Court and the whole amount of the tax without prorating held due. Section 219-c of the Tax Law of the state of New York provides:

"Each such tax or additional tax shall be a lien upon and binding upon the real and personal property of the corporation liable to pay the same from the time when it is payable until the same is paid in full."

A further clause in the New York Tax Law contained in section 219-e provides that, if the tax imposed be not paid within 30 days after the same becomes due, the tax commission may issue a warrant therefor and—

"such warrant shall be a lien upon and shall bind the real and personal property of the corporation against whom it is issued from the time an actual levy shall be made by virtue thereof."

[2, 3] These clauses are very bungling, and have caused the United States to make the contention that no lien existed under the state law, except in cases where an actual levy had been made, and no levy was made in this case. Whatever may be the proper construction of this act, the Commissioner of Internal Revenue and the New York state tax commission have approved of sharing pro rata in the fund, where it is not sufficient to pay the taxes due to both. I am filing herein letters, or copies thereof, indicating their desire to take this position. It is evident that such a practical adjustment is much wiser than a contest between the two sovereignties in the imposition of statutory liens. I shall therefore not attempt to decide whether the state has under the

particular statute' in question a lien prior to the federal government, but shall order the state and federal taxes paid pari passu. Each tax, under the decision of the Supreme Court in People v. Jersawit, 44 Sup. Ct. 167, 68 L. Ed.——, of January 7, 1924, is payable with only simple interest. See, also, In re J. Menist & Co. (C. C. A.) 290 Fed. 947.

[4] In respect to the priority which taxes are given by section 64a of the Bankruptcy Act, I think it relates only to a priority over payments to creditors of the estate, and not over administration expenses. Subdivision "a," supra, directs the court to order the trustee to pay all taxes "in advance of the payment of dividends to creditors." These dividends to creditors embrace debts to preferred creditors as well as to general creditors. If, for example, the only creditors of a bankrupt estate were workmen entitled to a preference, the payment to them would be as much a dividend as one to general creditors, entitled to no priority. Section 1, subd. 9, of the Bankruptcy Act (Comp. St. § 9585), defines "creditor" as including "any one who owns a demand * * * provable in bankruptcy." Section 56-b (Comp. St. § 9640) specifically defines as "creditors" persons "holding claims which are secured or have priority." I therefore reach the conclusion that subdivision "a" only gives priority to taxes as against debts (whether ordinary or preferred) due creditors of the bankrupt, but not as against necessary obligations of the receiver or trustee. This reasoning construes section 64 of the Bankruptcy Act as giving a preference to taxes over the items 4 and 5 of subdivision "b," but not over the items 1, 2, and 3 of subdivision "b"; that is, it gives taxes no priority over expenses of administration, but does give them priority over wage claims.

The Circuit Court of Appeals of the Third Circuit has held that administration expenses are entitled to priority in bankruptcy over taxes. New Jersey v. Lovell, 179 Fed. 321, 102 C. C. A. 505, 31 L. R. A. (N. S.) 988 (petition for certiorari denied, 219 U. S. 587, 31 Sup. Ct. 471, 55 L. Ed. 347). The Circuit Court of Appeals of the Seventh Circuit recently reached tthe same conclusion. Matter of Jacobson (C. C. A.) 263 Fed. 883. My conclusion as to the priority of taxes over wage claims is in accord with the recent decision of Judge Knox in the case of In re Kittenplan (D. C.) 285 Fed. 62, and of the Circuit Court of Appeals of the Ninth Circuit in West Coast Rubber Corporation, 290 Fed. 160.

It is true that the Supreme Court, in City of Richmond v. Bird, 249 U. S. 177, 39 Sup. Ct. 188, 63 L. Ed. 543, remarked that section 64a "directs that taxes be paid in advance of dividends to creditors; and 'dividend,' as commonly used throughout the act, means partial payment to general creditors." But in West Coast Rubber Corporation, supra, the Court of Appeals of the Ninth Circuit discussed this very language, and adverted to the fact that the Supreme Court in City of Richmond v. Bird, supra, was dealing with a lien creditor, and that the same court in Guarantee Co. v. Title Guaranty, after saying that labor claims are given priority even over debts to the United States, remarked that:

"The only exception is 'taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality.' These were civil obligations, not personal conventions, and preference was given to them, but

as to debts we must assume a change of purpose in the change of order. And we cannot say that it was inadvertent."

The referee's report should be modified, so as to provide for payment as follows: (1) Administration expenses; (2) taxes due the United States and the state of New York with simple interest; (3) wage claims. Inasmuch, however, as there are not sufficient assets (after the payment of administration expenses) to cover the taxes due the United States and the state of New York, it will apparently be impossible to pay the claim for wages.

Settle order on notice.