## In re ESSENKAY PRODUCTS CO.

### CANNON v. McKEY.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1924. Rehearing Denied May 18, 1925.)

#### No. 3249.)

Bankruptcy ⊙⟝346—Tax claims against bankrupt have precedence over wage claims; "dividends to creditors."

Under Rev. St. §§ 3186, 3466 (Comp. St. §§ 5908, 6372), and Bankruptcy Act, §§ 64a, 64b (Comp. St. § 9648), tax claims against bankrupt's estate have precedence over all other claims, including wage claims; "dividends to creditors," as used in section 64a, not being limited to claims of general creditors, but including any dividend.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dividend (in Bankruptcy).]

Petition to Review and Revise the Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the Essenkay Products Company, bankrupt. On petition by John C. Cannon, Collector, to review and revise an adverse order of the District Court, opposed by Frank M. McKey, trustee in bankruptcy. Order reversed, with directions.

R. M. Shaw, of Chicago, Ill., for petitioner.

Gilbert F. Wagner, of Chicago, Ill., for respondent.

Before BAKER, EVAN A. EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Does the claim of the government for taxes have priority, under the Bankruptcy Act, over wage claims? This is the sole question presented by the record before us.

Much refinement of distinction over "taxes" and "debts" might be attempted, and the purpose of legislation preferring taxes, could be pointed out; but, as we view this question, it is one of statutory construction, with recognized objects and purposes as a background. Considering sections 3466 and 3186 of the Revised Statutes (Comp. St. §§ 6372, 5908), as well as sections 64a and 64b of the Bankruptcy Act (Comp. St. § 9648), the conclusion that taxes were placed ahead of all other debts, seems unavoidable. The language of section 3466 admits of no exception: "Whenever any person indebted to the United States is insolvent, * * * the debts due to the United States shall be first satisfied."

The Bankruptcy Act confirms this expression of public policy. Section 64a provides: "The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, * * * in advance of the payment of dividends to creditors. * * *" This provision not only is declarative of the policy of the government respecting taxes due it, but lays down a rule of practice governing the distribution of the assets of a bankrupt estate. It provides the authority for those in charge to proceed, before questions of payment of dividends arise, to pay and to pay promptly the taxes due the sovereign.

The dividends referred to are not merely those payable to general creditors, but include any dividend. It is urged that a dividend is a partial payment of a claim, and does not contemplate a payment in full. Yet the Congress was speaking of dividends in the abstract, and the present case is an

illustration of the possibility of a dividend being paid to a wage earner preferred by section 64b.

Moreover, there is much of merit in Judge Gilbert's observation in United States v. Oliver (C. C. A.) 290 F. 160: "It is true that the term 'dividends to creditors' ordinarily refers to dividends to general creditors. But it does not necessarily have that meaning. A dividend is that which is to be divided. In bankruptcy it is the sum of money which is to be divided among two or more creditors. It is not necessarily a partial payment. It is obvious that it may at times be a payment in full even as to general creditors."

These conclusions find support in the language of various decisions; for example, in Guarantee Co. v. Title Guaranty Co., 224 U. S. 152, 32 S. Ct. 457, 56 L. Ed. 706, the court said: "Labor claims are given priority, and it is provided that debts having priority shall be paid in *full*. The only exception is 'taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality.'"

In In re Jacobson (C. C. A.) 263 F. 883, this court said: "Sections 64a and 64b of the Bankruptcy Act are in pari materia with section 3466. Debts due the United States, other than taxes, are not given the same protection in the two cited sections of the Bankruptcy Act as existed under the general statute, section 3466, or under the Bankruptcy Act of 1867."

See, also, United States v. Oliver (C. C. A.) 290 F. 160; In re Kittenplan (D. C.) 285 F. 62; In re Weissman (D. C.) 178 F. 115; Remington on Bankruptcy (2d Ed.) § 2190; Black on Bankruptcy, § 621.

The order is reversed, with directions to enter a decree directing the payment of the taxes.

The conclusions herein reached were concurred in by Judge BAKER before his death.