**1**

In the Matter of the ENTERPRISE BRASS FOUNDRY, a Corporation, Bankrupt. (Circuit Court of Appeals, Ninth Circuit. June 1, 1925.) No. 4258. Appeal from the District Court of the United States for the Northern Division of the Western District of Washington. For opinion below, see 293 F. 69. Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for appellant. Winter S. Martin and Ray M. Wardall, both of Seattle, Wash., for appellee. Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

PER CURIAM. Reversed, on authority of In re West Coast Rubber Corporation (C. C. A.) 290 F. 160, affirmed by the Supreme Court under date of April 13, 1925, 45 S. Ct. 386, 69 L. Ed. ——.

---

**2**

ERIE FOOD PRODUCTS CO., Plaintiff in Error, v. INTEROCEAN MERCANTILE CORP., Defendant in Error. (Circuit Court of Appeals, Sixth Circuit. June 10, 1925.) No. 4399. In Error to the District Court of the United States for the Northern District of Ohio. Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

PER CURIAM. We affirmed a judgment for the Interocean Company against the Erie Company (299 F. 71, q. v.), but gave leave for the trial court to entertain a motion for new trial, based on newly discovered evidence. That motion was made and denied. We allowed a writ of error to review that denial, and we did so because in some cases, exceptional in theory and very rare in practice, such denial may be, not an exercise, but an abuse, of discretion, and thus subject to review by this court. At the same time we suggested that, if it was made entirely clear that there was some permissible ground for denying the new trial motion, we would dismiss the writ of error as not presenting any substantial controversy. Such a motion to dismiss has now been made. Passing the questions of laches, of the sufficiency of the proofs to show that the sugar was not loaded before September 1st, and of the meaning of "shipped," we find that the plaintiff bought from brokers in Java a large quantity of sugar, to be shipped in July and/or August. In their purchase contract it was provided that the bill of lading should be proof of the shipment date. When plaintiff sold part of this same sugar to defendant, limited to the same shipment date, and since plaintiff would have no control over or knowledge of the facts as to shipment, it protected itself by a similar provision that the relative bills of lading should be proof of the date of shipment. If

there was any falsity in these bills, plaintiff did not know it, and had nothing to do with it; and in these circumstances and in the absence of any fraud by plaintiff, the agreed proof must be taken as conclusive. Colonial Co. v. Interocean Co. (C. C. A. 3) 296 F. 316, 318. The denial of the motion for new trial was too plainly right to justify holding this writ of error for regular hearing. It will be dismissed.

---

**3**

G. F. GROHE-HENRICH & CO., Plaintiff Appellant, v. GUARANTY TRUST CO. and Brown Brothers & Co., Defendants Appellees. (Circuit Court of Appeals, Second Circuit. March 2, 1925.) No. 258. Appeal from the District Court of the United States for the Southern District of New York. Kellogg, Emery, Inness-Brown & Cuthell, of New York City (Dean Emery and Henry G. Hotchkiss, both of New York City, of counsel), for appellant. Appleton, Butler & Rice, of New York City (Lee J. Perrin and Edwin T. Rice, both of New York City, of counsel), for respondent. Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Order affirmed, with costs.

---

**4**

Ernest GILBERT, Plaintiff in Error, v. UNITED STATES. (Circuit Court of Appeals, Eighth Circuit. December 3, 1924.) No 6513. In Error to the District Court of the United States for the Western District of Oklahoma. E. T. Barbour, of El Reno, Okl., for plaintiff in error. James A. Ingraham, Asst. U. S. Atty., of Oklahoma City, Okl.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, on motion of defendant in error, under rule 23.