## In re PETERS.

(District Court, W. D. Pennsylvania. September 9, 1925.)

No. 10681.

Bankruptcy ⚖══346—Claim for taxes has priority over claims of creditors, general or preferred.

A claim of the United States against a bankrupt estate for taxes is entitled to priority over a claim for wages.

In Bankruptcy. In the matter of John G. Peters, bankrupt. On review of order of referee. Reversed.

Harry M. Stein, of Pittsburgh, Pa., for trustee.

Leonard M. Boehm, of Pittsburgh, Pa., for wage claimant.

Warren H. Van Kirk, Sp. Asst. U. S. Atty., of Pittsburgh, Pa., for Collector of Internal Revenue.

GIBSON, District Judge. Upon distribution of the balance in the hands of trustee, the referee made an order directing the payment of a wage claim in amount of $200, in advance of the payment of the claim of the collector of internal revenue against the bankrupt on account of additional income tax for the year 1917. The amount for distribution was not sufficient to pay the claim of the collector in full. The United States has filed its petition for the review of the order of the referee.

Upon authority of the case of Oliver, Trustee, v. United States, 45 S. Ct. 386, 69 L. Ed. ——, 5 Am. Bankr. Rep. (N. S.) 830, recently decided by the United States Supreme Court, affirming United States v. Oliver (C. C. A.) 290 F. 160, the order of the referee must be reversed. The claim of the United States for taxes has priority over the claim for wages.

---

## In re GENERAL RESEARCH LABORATORIES, Inc.

(District Court, S. D. New York. January 7, 1925.)

Bankruptcy ⚖══113—Costs and damages on dismissal of petition for receiver must be paid by obligors on bond.

Under Bankruptcy Act, § 3, subd. e (Comp. St. § 9587), providing that, on dismissal of a petition for appointment of a receiver for an alleged bankrupt, counsel fees, costs, expenses, and damages shall be fixed and allowed by the court and paid by the obligors in the bond filed by petitioner, the court is without power to order such allowance paid by any one else.

In Bankruptcy. In the matter of General Research Laboratories, Inc., alleged bankrupt. On motion for allowance of costs and damages on dismissal of petition for receiver. Granted.

Shaine & Weinrib, of New York City, for bankrupt.

Joseph S. Johnston, of New York City, for petitioning creditors and receiver.

James P. Callender, of New York City, for receiver.

Budd & Coffey, of New York City, for petitioning creditor Stern.

Alexander T. Hussey, of New York City, for petitioning creditor Van Bokkelen.

Lesser Brothers, of New York City, for petitioning creditor Rider-Ericson Engine Corporation.

BONDY, District Judge. Section 3, subd. e, of the Bankruptcy Law (Comp. St. § 9587), provides that, if a petition for the appointment of a receiver is dismissed, the costs, expenses, and damages should be fixed and allowed by the court and paid by the obligors in the bond filed on the application for the appointment of a receiver. The bankruptcy court, therefore, will not order them paid by any one else.

The motion, therefore, is granted, without prejudice, however, to any right which any party to this proceeding may have to enforce contribution at law or in equity.