## GUARANTEE TITLE & TRUST COMPANY, TRUSTEE OF PITTSBURGH INDUSTRIAL IRON WORKS, BANKRUPT, *v.* TITLE GUARANTY & SURETY COMPANY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 188.   Argued March 5, 1912.—Decided April 1, 1912.

Under the general rule applicable to all sovereigns, the United States is not bound by the provisions of an insolvency law unless specially mentioned therein.

The Bankruptcy Act of 1867 and the act of March 3, 1797, 1 Stat. 515, c. 20, now §§ 3467, 3468, 3469, Rev. Stat., by both of which all debts due the United States are given priority over all claims, were *in pari materia,* and the Bankruptcy Act of 1867 affirmed the act of 1797. *Lewis* v. *United States,* 92 U. S. 618.

The Bankruptcy Act of 1898 was not an affirmation of the act of 1797 or of Rev. Stat., § 3467, 3468, 3469, and the change of provisions in regard to priority indicates a change of purpose in that respect.

Under a beneficent policy, which favors those working for their daily bread and does not seriously affect the sovereign, Congress, in enacting the Bankruptcy Law of 1898, preferred labor claims and gave them priority over all other claims except taxes, and the courts must assume a change of purpose in the change of order.

In this case *held* that even if a surety company which had paid the debt of the principal to the Government was subrogated to the claim of the Government and was entitled to whatever priority the Government was entitled to, under the Bankruptcy Act of 1898, the claim not being for taxes but a mere debt was not entitled to priority in distribution of the bankrupt's assets over claims for labor preferred by the act.

174 Fed. Rep. 385, 98 C. C. A. 603, reversed.

THE facts, which involve the construction of the Bankruptcy Act of 1898 in regard to priority of claims of the United States against the bankrupt, are stated in the opinion.

*Mr. R. T. M. McCready* for appellant.

*Mr. George J. Shaffer,* with whom *Mr. Walter Lyon* and *Mr. John P. Hunter* were on the brief, for appellee.

MR. JUSTICE McKENNA delivered the opinion of the court.

This case involves the consideration of the priority of payment out of the estate of a bankrupt of claims due the United States and claims for labor.

The United States is not a party to the action, but appellee brings itself into relation with it as subrogated to its rights by the payment of a judgment obtained against the appellee, as surety on a bond for the bankrupt. We shall assume that appellee may assert whatever priority the United States possessed.

After the payment of the judgment appellee petitioned the District Court having jurisdiction of the bankruptcy proceedings for an order directing the Trustee in Bankruptcy to pay it the amount of the judgment before making any other distribution of the funds of the bankrupt. The Referee in Bankruptcy decided against the priority,

and also decided that the claim had not been presented in time for allowance. Upon petition for review and the questions having been certified to the District Court, the report of the Referee was confirmed. This action was reversed by the Court of Appeals, and the appellee awarded priority.

The priority of the United States is established, it is contended, by §§ 3466, 3467 and 3468 of the Revised Statutes, which are, respectively, as follows:

Section 3466. "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Section 3467. "Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

Section 3468. "Whenever the principal in any bond given to the United States is insolvent, or whenever, such principal being deceased, his estate and effects which came to the hands of his executor, administrator or assignee, are insufficient for the payment of his debts, and, in either of such cases, any surety on the bond, or the executor, administrator, or assignee of such surety pays

to the United States the money due upon such bond, such surety, his executor, administrator, or assignee, shall have the like priority for the recovery and receipt of the moneys out of the estate and effects of such insolvent or deceased principal as is secured to the United States; and may bring and maintain a suit upon the bond, in law or equity, in his own name, for the recovery of all moneys paid thereon."

The counter contention of appellant is that those sections have been superseded by the provisions of the Bankruptcy Act of 1898, which declare a different policy and give priority to labor claims. Those provisions we shall presently quote and consider.

The comprehensive objection is made to the applicability of the provisions that the United States as a sovereign is not bound by the general language of a statute, and is not bound by the provision of an insolvency law, unless specifically mentioned therein. This objection prevailed in the Circuit Court of Appeals, and is said to be sustained by *Dollar Savings Bank* v. *United States,* 19 Wall. 227, 239; *United States* v. *Herron,* 20 Wall. 251, 260; *Lewis, Trustee,* v. *United States,* 92 U. S. 618.

The proposition is established. The first case cited gives an illustration of it not connected with bankruptcy laws. In the other two cases it was applied to such laws.

*United States* v. *Herron* was an action brought on a bond executed by one Collins as principal and Herron and others as sureties. Herron pleaded a discharge in bankruptcy under the act of 1867 (March 2, 1867, 14 Stat. 530, c. 176). The question was therefore presented whether a discharge under the act barred a debt due to the United States. It was held that such a discharge was not a bar, although it was also held that the United States might have proved its debt and been given priority by the act.

The decision was expressly put upon the ground "that

the sovereign authority of the country is not bound by the words of a statute unless named therein, if the statute tends to restrain or diminish the powers, rights, or interests of the sovereign." There was much reasoning to sustain the proposition, and it was especially applied to discharges in bankruptcy. Expressing the general assent to the proposition announced, the court said (p. 262):

"Greater unanimity of decision in the courts or of views among text writers can hardly be found upon any important question than exists in respect to this question in the parent country, nor is there any diversity of sentiment in our courts, Federal or State, nor among the text writers of this country."

In *Lewis, Trustee,* v. *United States,* Lewis had been appointed trustee of the estates of Jay Cooke & Company, and as such received and held their separate individual estates and assets, and the estates and assets of the firm as well. The estates of the bankrupts were insufficient to pay all their indebtedness. The United States claimed priority of payment of its debt out of the individual estates as against the creditors of the firm. Lewis denied the validity of the demand, but it was sustained.

As one of the elements in its decision the court considered the provision of the act of 1867 (§ 5101 of the Revised Statutes) that in the order for a dividend "all debts due to the United States, and all taxes and assessments under the laws thereof," should be "entitled to priority and preference." The court also considered as an element of its decision the act of March 3, 1797 (1 Stat. 512, 515, c. 20), which provided as follows:

"That where any revenue officer or other person hereafter becoming indebted to the United States, by bond or otherwise, shall become insolvent, or where the estate of any deceased debtor in the hands of executors or administrators shall be insufficient to pay all the debts due from the deceased, the debt due to the United States

shall be first satisfied, and the priority hereby established shall be deemed to extend as well to cases in which a debtor, not having sufficient property to pay all his debts, shall make a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor shall be attached by process of law, as to the cases in which a legal act of bankruptcy shall be committed."

The court decided that it was "almost too clear to admit of serious controversy" that under this act and the facts in the case the United States was entitled to the priority which they claimed, and passed to the contention against it based on the provisions of the Bankruptcy Act.

The court met the contention by the general declaration that "the United States are in no wise bound by the Bankruptcy Act." The disposing effect of the declaration was appreciated, for it was said "that the claim of the United States was not proved in the bankruptcy proceedings in question was, therefore, quite immaterial." Citing *United States* v. *Herron, supra,* and *Harrison* v. *Sterry,* 5 Cranch, 289.

The court, however, did consider the provisions of the Bankruptcy Act and said of the clause which it had quoted that it was "*in pari materia* with the several acts giving priority of payment to the United States, and was doubtless put in to recognize and reaffirm the rights which those statutes give and to exclude the possibility of a different conclusion." And, emphasizing the priority of the United States, it was pointed out (p. 623) that the Bankruptcy Law declared that the United States should be first paid and that the act of 1867 gave the debts of the United States priority. "Neither statute," the court said (p. 623), "contains any qualification, and we can interpolate none." The inference from the language of the court, it must be admitted, is quite strong, and the Court of Appeals considered that "in the light thereof the

omission in the Act of 1898 of words expressly giving priority to debts due to the United States had no more significance than the presence of such words in the Act of 1867 "—that is, as we understand the reasoning, that § 3466 of the Revised Statutes, which is a reproduction of the statute of 1797, with immaterial changes, was all-sufficient to give priority and that the rights it gave were only recognized and reaffirmed by the provisions for priority in the Bankruptcy Act of 1898. But, as we have seen, the decision in *Lewis* v. *United States* declared that the statute of 1797 and the Bankruptcy Act were to be regarded as *in pari materia*, and both were unqualified; or, as the court said, as neither contained any qualification, none could be interpolated. They being affirmations of each other, either would have been sufficient without the other. The Bankruptcy Act of 1867, as we have seen, provided for priority, first, for the payment of expenses, and second, of "all debts due to the United States, and all taxes and assessments under the laws thereof." The priority, therefore, given by the Bankruptcy Act was coextensive with the priority given by the statute of 1797. In other words, to repeat, there was a reaffirmation by the Bankruptcy Act of the statute of 1797. But there is not such affirmation by the Bankruptcy Act of 1898 of that statute, which still exists, as we have said, as § 3466 of the Revised Statutes, *supra*. There is a change in provisions, and we come to the question if there is a change of purpose. A consideration of those provisions becomes necessary. We shall quote those only which affect the United States. They are as follows: "Section 1. . . . (9) 'Creditor' shall include any one who owns a demand provable in bankruptcy." (Sec. 17.) A discharge in bankruptcy releases the bankrupt from all of his provable debts except such as are due as a tax levied by the United States. (Sec. 57–J.) Debts owing to the United States as a penalty or forfeiture shall not be allowed except for the

amount of the pecuniary loss sustained by the act, transaction or proceeding out of which the penalty arose.

Priority is provided for in § 64 as follows: " (a) The court shall order the trustee to pay all taxes legally due the United States.   (b) Debts to have priority, except as herein provided, and to be paid in full,  .  .  .  and the order of payment shall be: (4) wages due to workmen, clerks, or servants which have been earned within three months before the date of the commencement of the proceedings; and (5) debts owing to any person who by the laws of the States or the United States is entitled to priority."

With these provisions we may compare §§ 5091 and 5101 of the Revised Statutes, which are reproductions of the act of 1867.   Section 5091 provided that creditors whose debts were duly proved and allowed should be entitled to share *pro rata* without any priority or preference except as allowed in § 5101.   The latter section (5101) provided as follows:

"In the order for a dividend, the following claims shall be entitled to priority, and to be first paid in full in the following order:

".  .  .  Second. All debts due to the United States, and all taxes and assessments under the laws thereof.  .  .  . Fourth. Wages due to any operative, clerk, or house servant, to an amount not exceeding fifty dollars, for labor performed within six months next preceding the first publication of the notice of proceedings in bankruptcy.   Fifth. All debts due to any person who, by the laws of the United States, are, or may be, entitled to a priority, in like manner as if the provisions of this Title had not been adopted.  .  .  ."

It will be seen, therefore, that by the statute of 1797 (now § 3466) and § 5101 of the Revised Statutes all debts due to the United States were expressly given priority to the wages due any operative, clerk or house servant.   A

different order is prescribed by the act of 1898, and something more. Labor claims are given priority, and it is provided that debts having priority shall be paid in *full*. The only exception is "taxes legally due and owing by the bankrupt to the United States, State, county, district or municipality." These were civil obligations, not personal conventions, and preference was given to them, but as to debts we must assume a change of purpose in the change of order. And we cannot say that it was inadvertent. The act takes into consideration, we think, the whole range of indebtedness of the bankrupt, national, state and individual, and assigns the order of payment. The policy which dictated it was beneficent and well might induce a postponement of the claims, even of the sovereign in favor of those who necessarily depended upon their daily labor. And to give such claims priority could in no case seriously affect the sovereign. To deny them priority would in all cases seriously affect the claimants.

*Reversed.*