UNITED STATES v. BIRMINGHAM TRUST & SAVINGS CO.

In re STANDARD HOME CO.

(Circuit Court of Appeals, Fifth Circuit. April 12, 1919.)

No. 3304.

1. BANKRUPTCY 👈328—CLAIMS OF UNITED STATES.
    The United States may present a claim in a bankruptcy case at any time while the bankruptcy is pending and the funds thereof are not distributed.

2. BANKRUPTCY 👈315(1), 317—CLAIMS PROVABLE—"PENALTY"—COSTS.
    A fine adjudged against a corporation on its conviction for using the mail to promote frauds, under Criminal Code, § 215 (Comp. St. § 10385), is a "penalty," within the meaning of Bankruptcy Act July 1, 1898, § 57j (Comp. St. § 9641), not provable in bankruptcy; but the United States is entitled to prove all the costs which it paid or incurred in the prosecution as a pecuniary loss sustained by it (citing Words and Phrases, First and Second Series, Penalty).

    Walker, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

In the matter of the bankruptcy of the Standard Home Company. Petition by the United States that an order be made requiring the Birmingham Trust & Savings Company, as trustee of the bankrupt estate, to pay the amount of a fine and costs adjudged against the bankrupt on its conviction under an indictment. From a decree deny-

👈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing the petition, the United States appeals. Reversed and remanded, with instructions.

This is an appeal from a decree denying the prayer of a petition of the United States that an order be made requiring the trustee of the bankrupt estate of the Standard Home Company, a corporation, to pay the amount of the fine and costs adjudged against that corporation on its conviction under an indictment against it charging a violation of section 215 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1130 [Comp. St. § 10385]). The cause was submitted on an agreed statement of facts, which disclosed the following:

A verdict of guilty of the charge mentioned was rendered on the 20th day of February, 1915, whereupon, on motion of the defendant in that case, the imposition of the sentence was deferred until the 24th day of February, 1915, on which day, that defendant having filed a motion for a new trial, on its motion the hearing of the motion for a new trial and the imposition of the sentence were postponed to March 20, 1915. On February 22, 1915, that defendant, not having sufficient property to pay all its debts, executed a voluntary assignment of all its property for the benefit of all its creditors. On the same day a petition in bankruptcy was filed against that corporation by certain of its creditors. On the 2d day of March following that corporation was duly adjudged to be bankrupt. On March 20, 1915, the motion for a new trial in the criminal case was overruled, and the defendant corporation was sentenced to pay a fine and the costs of the prosecution. A writ of error to obtain a review of that judgment was sued out, which resulted in an affirmance by this court on October 4, 1917.

On May 15, 1915, the appellee, the Birmingham Trust & Savings Company, was duly elected and appointed as trustee of said bankrupt estate, and is still performing the duties of such trustee. The taxed costs of the prosecution of the above-mentioned criminal case amount to the sum of $9,024.25. No part of the fine or costs has been paid. Before the filing of the petition in this proceeding the United States demanded of said trustee in bankruptcy the payment of said fine and costs. The trustee failed and refused to pay the same, or any part thereof. The trustee now has, and at all times since its appointment as such trustee has had, in its possession and control, assets of the bankrupt greatly in excess of the amount necessary to pay said fine and costs, together with all taxes legally due and owing by the bankrupt to the United States, state, county, district, and municipality, and all debts given priority by subdivision "b" of section 64 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 563 [Comp. St. § 9648]).

The record discloses the claim of the United States in this case was first presented to the referee, who rejected the same as not provable in bankruptcy. Then, on review, the District Judge in an elaborate opinion affirmed the report of the referee disallowing the claim. From that decision the appeal in this case is taken, and the following errors assigned:

"A. The District Judge erred in his order disallowing and expunging the claim of the United States to have said fine paid as a claim entitled to priority.

"B. The District Judge erred in his order disallowing and expunging the claim of the United States to have said costs paid as a claim entitled to priority.

"C. The District Judge erred in his order disallowing and expunging in toto the claim of the United States to have said fine paid by the trustee in whole or in part as the law might require.

"D. The District Judge erred in his order disallowing and expunging in toto the claim of the United States to have said costs paid by the trustee in whole or in part as the law might require.

"E. The District Judge erred in his order holding that petitioner was not entitled to priority of payment either as to the fine or costs of said prosecution.

"F. The District Judge erred in his order that the United States was not entitled to a payment of said fine ratably with other creditors.

"G. The District Judge erred in his order that the United States was not

entitled to a payment of the costs accruing before bankruptcy ratably with other creditors.

"H. The District Judge erred in his order that the United States was not entitled to a payment of the costs accruing after bankruptcy ratably with other creditors.

"I. The District Judge erred in his order disallowing and expunging said claim of the United States.

"J. The District Judge erred in his order that the claim of petitioner as to the fine fell within section 57j of the Bankruptcy Act.

"K. The District Judge erred in his order that the United States must prove its claim in the common form to get the benefit of section 57j of the Bankruptcy Act.

"L. The District Judge erred in his order that the United States could not prove its claim to an allowance under section 57j of the Bankruptcy Act after the expiration of one year.

"M. The District Judge erred in his order that the procedure adopted in this matter by the United States was not a sufficient proof of its claim to secure the benefit of section 57j of the Bankruptcy Act."

Oliver D. Street, Sp. Asst. U. S. Atty., of Guntersville, Ala.

John P. Tillman and Wm. Bew White, both of Birmingham, Ala., for appellee.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PARDEE, Circuit Judge (after stating the case as above). [1] The right of the United States to present a claim in a bankruptcy case at any time while the bankruptcy is pending and the funds thereof are not distributed cannot be disputed.

[2] The right of the United States to claim priority under section 3466, R. S. (Comp. St. § 6372), was unquestionably modified and restricted by section 57j of the Bankruptcy Act (Comp. St. § 9641). Guarantee, etc., Company v. Title Guaranty, etc., Company, 224 U. S. 152–160, 32 Sup. Ct. 457, 56 L. Ed. 706. And see Robertson v. Howard, 229 U. S. 254, 33 Sup. Ct. 854, 57 L. Ed. 1174. Section 57j of the Bankruptcy Act reads as follows:

"Debts owing to the United States, a state, a county, a district, or a municipality as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

Under the provision of this section it seems clear the right of the United States to claim the penalty or a forfeiture is denied, except as to the actual pecuniary loss suffered by the United States. The fine of $1,000 claimed in this case is unquestionably a penalty. C. C. § 215. See Words and Phrases, vol. 6, verbo "Penalty"; United States v. Reisinger, 128 U. S. 398, 9 Sup. Ct. 99, 32 L. Ed. 480. As there is no question or suggestion that in the matter of this penalty the United States suffered any pecuniary loss, it cannot be allowed.

As to the costs claimed, a different question is presented, to wit, for the pecuniary loss suffered by the United States in the prosecution and conviction under which the penalty was inflicted. The suggestion made that the costs incurred in such prosecution should be in-

cluded as a part of the penalty, because when awarded the matter was in the discretion of the court imposing the penalty, does not seem to need consideration. Under the showing made the United States suffered pecuniary loss in all the costs of the case which they paid or incurred in the prosecution of the suit.

The judgment appealed from is reversed, and the cause is remanded, with instructions to permit the United States to prove all their pecuniary loss as charged.

WALKER, Circuit Judge (dissenting). I concur in the conclusion that the decree should be reversed, but not in the conclusion that the claim asserted is not entitled to priority, so far as the amount of the fine adjudged against the bankrupt is concerned.

The question is: Was it intended by section 57j of the Bankruptcy Act to deal with such penalty as the one imposed on the bankrupt corporation following its conviction of the criminal offense charged against it? The language of the provision, considered in the light of the connection in which it was used and of the previously existing law, which was not expressly repealed or modified, furnished some basis for an inference that the subject intended to be dealt with was debts due as penalties or forfeitures arising out of an act, transaction, or proceeding in which creditors of a class mentioned had some pecuniary interest, and that the object was to limit the amount allowable to such a creditor out of the debtor's estate in bankruptcy to the amount of the pecuniary loss sustained, whatever may be the amount of the penalty or forfeiture incurred. The claim asserted in this case is not based on a forfeiture. It is based on a judgment assessing a fine and costs on conviction of a criminal offense. The transaction out of which such penalty arose was one which did not affect the claimant in a pecuniary way. It was the crime of using the mails in the execution of a scheme to defraud parties other than the United States. The language of the provision is such as to indicate that it was assumed or presupposed that the act, transaction, or proceeding referred to is one in which the beneficiary of the penalty or forfeiture has a pecuniary interest. The effect of the provision is to limit the amount allowable to such beneficiary out of the debtor's estate in bankruptcy.

To say the least, it is not made clear that a penalty for criminal misconduct, at any rate such misconduct as does not pecuniarily affect the party entitled to enforce the penalty therefor, was in contemplation. Penalties may be divided into two classes, namely: First, such as are prescribed to secure compliance with pecuniary or contractual obligations; and, second, such as are imposed for breaches of duty without regard to pecuniary loss resulting from such breaches to the party entitled to enforce the penalties. It is not uncommon for a penalty or forfeiture incurred by a violation of a contractual or pecuniary obligation to the United States, a state, a county, a district, or municipality, to subject the party in default to greater loss or damage than the breach caused to the party in whose favor the obligation was incurred. An effect of the above-quoted provision of the

Bankruptcy Act is that debts so owing to the public bodies mentioned are not allowable out of the debtor's estate in bankruptcy, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with costs and interest, though the penalty or forfeiture incurred may have entitled the beneficiary of it to recover more from the debtor if the latter had not been adjudged bankrupt. The provision is one determining the extent to which claims of a stated class are allowable. The terms of it being such as to indicate that it was intended to deal with penalties and forfeitures arising out of acts, transactions, or proceedings involving some pecuniary loss to the parties entitled to enforce such penalties or forfeitures, there is some basis for an inference that penalties otherwise arising were not in contemplation. In the absence of a clear expression of a legislative intention to repeal or modify the provision contained in section 3466 of the Revised Statutes, it is not to be implied that that provision was repealed or modified by the subsequently enacted statute, except in so far as the latter is plainly inconsistent with the former.

In some respects the priority given by section 3466 of the Revised Statutes to debts due to the United States is affected by the Bankruptcy Act. Section 64 of the latter act subordinates debts due to the United States, other than taxes legally due and owing, to certain payments required to be made in full, in the order prescribed, out of the estates of bankrupts. Guarantee Co. v. Title Guaranty Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L. Ed. 706. Section 57j modifies the priority as it existed previously by limiting payments of the class of debts stated to the amount of the pecuniary loss sustained by the creditor, costs, and interest. The priority, as it previously existed, is not affected except by express words to that effect. United States v. Herron, 20 Wall. 251, 22 L. Ed. 275. A debt due to the United States is not required to be proved in bankruptcy. It may be enforced out of the bankrupt's estate without a compliance with requirements applicable to other claims against the bankrupt. Lewis, Trustee, v. United States, 92 U. S. 618, 23 L. Ed. 513; Collier on Bankruptcy (11th Ed.) 990. The judgment in question for the fine and costs is a debt due to the United States. 13 Cyc. 398. If section 57j of the Bankruptcy Act has the meaning attributed to it in behalf of the appellee the United States has no priority at all with reference to the penalty adjudged, as that penalty arose out of conduct involving no pecuniary loss to the United States. Under the construction contended for, the convict's bankruptcy, instead of giving rise to a priority as to the amount adjudged, would have the effect of depriving the United States of any priority at all. The government's position would not have been better if the judgment of conviction had been rendered before the bankruptcy. As the penalty awarded by the judgment arose out of the commission of the crime, there would have been no right to have the amount adjudged given any priority, if priority is limited to the amount of a pecuniary loss caused by the commission of the crime to the party in whose behalf the penalty was enforced, as no such loss was sustained.

Not even the costs adjudged can be regarded as a pecuniary loss sustained by the commission of the crime out of which the penalty arose, as they arose, not out of the commission of the crime, but out of the prosecution for it. As so construed, the provision in question would have the effect, so far as the convict's estate in bankruptcy is concerned, of subordinating such a claim as the one asserted to debts of the bankrupt not belonging to any class to which priority is expressly given. In effect that would be the same thing as making the convict's estate in bankruptcy exempt from the payment of a debt owing as a penalty arising out of a crime not involving pecuniary loss to the party in whose favor the penalty was adjudged. A construction leading to such results is not to be adopted if, consistently with the language used in the provision in question, it may be given a meaning not involving such consequences. The language of section 57j of the Bankruptcy Act is not such as to call for the conclusion that so complete a reversal of the policy evidenced by section 3466 of the Revised Statutes was intended to be effected. The first-mentioned provision is given a field of operation within a meaning fairly attributable to its language, if it is held to have reference only to debts owing as a penalty or forfeiture prescribed as a means of preventing pecuniary loss. It fairly may be regarded as evidencing a policy of protecting the creditors at large of bankrupts by making such a debt allowable only for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with costs and interest, without affecting whatever priority previously existing law gave to a debt due as a penalty or forfeiture not prescribed as a means of preventing pecuniary loss.

For reasons above indicated, the conclusion of the writer is that section 3466 of the Revised Statutes is still effective to give such priority as was claimed to such a demand as the one asserted.