## In re ENTERPRISE BRASS FOUNDRY.

(District Court, W. D. Washington, N. D. October 30, 1923.)

No. 6619.

Bankruptcy ☞346—Wages earned within three months before bankruptcy given priority over income taxes due United States.

Rev. St. § 3466 (Comp. St. § 6372), giving claims of the United States priority over all other claims, must be construed in pari materia with Bankruptcy Act, § 64b (Comp. St. § 9648), under which wages earned within three months before filing of petition in bankruptcy, not exceeding $300 to each claimant, were properly given priority over income taxes due the United States.

In Bankruptcy. In the matter of the Enterprise Brass Foundry, bankrupt. On petition to review referee's allowance of claim for wages. Order confirmed.

In an insolvency proceeding in the state court a receiver was appointed for the bankrupt in July. On the 4th of November following a petition in bankruptcy was filed. Under the receivership the state court for the purpose of maintaining a going concern, in carrying out a contract with the United States in the construction of "ship propellers" and on the consent of the creditors directed the receiver to operate the plant, and ordered the issuance of the receiver's certificates. No certificates were issued, the operation, however, was not profitable, labor claims were paid by W. N. Hager, who advanced money for the payment of labor in the sum of $627, and took assignment of the claims from the several laborers. Income taxes against the bankrupt in excess of $20,000 were assessed against the concern and unpaid. The amount of money in the hands of the trustee for distribution is approximately $10,000, and the collector of internal revenue has petitioned the referee to deny the labor claim and pay the full sum upon the government's claim for income taxes. The referee allowed the labor claim, and the government prosecutes a petition for review.

Allen, Martin & Wardall, of Seattle, Wash., for claimant.

Thomas P. Revelle, U. S. Atty., and Chas. P. Moriarty, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

NETERER, District Judge. Section 64a provides:

"The court shall order the trustee to pay all taxes legally due * * * by the bankrupt to the United States."

Section 64b provides:

"The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be: (1) The actual and necessary costs of preserving the estate subsequent to filing the petition. * * * (4) Wages due to workmen * * * which have been earned within three months before the date of the commencement of proceedings, not to exceed $300 to each claimant." Comp. St. § 9648.

Section 3466, R. S., brought forward Act March 3, 1797 (Comp. St. § 6372), must be construed in pari materia with the Bankruptcy Act. Lewis v. U. S., 92 U. S. 618, 14 Sup. Ct. 419, 38 L. Ed. 267; Guarantee Co. v. Title Guar. Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L. Ed. 706. It is apparent that the wages were earned within three months before

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the date of the filing of the petition in bankruptcy. Under the sections quoted, "labor claims are given priority, and it is provided that debts having priority shall be paid in full." Guarantee v. Title G. Co., supra.

The referee is right, and order confirmed.