Mabel G. Reinecke, Collector of Internal Revenue, Intervener, Appellant, v. General Combustion Company, Insolvent, and Logan L. Mullins, Receiver, Appellee.

**Gen. No. 29,495.**

1. UNITED STATES—*not subject to limitations or laches.* The federal government is not barred from asserting its claim against assets in the hands of the receiver appointed by a state court at any time during pendency of receivership before distribution, although after time fixed by such court for the filing of claims. since the United States are not bound by any statute of limitations, nor barred by any laches of their officers, however gross, in a suit

brought by them as a sovereign government to enforce a public right or to assert a public interest.

2. RECEIVERS—*proof and rank of claims by United States.* If the federal government has a valid claim against an insolvent corporation for unpaid taxes, its claim must be proved like any other claim and, if allowed, such claim will have priority over the claims of other creditors.

3. RECEIVERS—*conditions of compromise not imposable on United States claims.* Section 3469, U. S. Rev. Stat., authorizing the Secretary of the Treasury to compromise claims in favor of the United States, when recommended by the solicitor of the treasury upon a report from a district attorney or any special attorney having charge of the claim, considered, and held that a State court which appointed a receiver for an insolvent corporation could not require the federal government as a condition to either the filing or the allowance of its claim for taxes, to submit a proposition of settlement.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed and remanded. Opinion filed June 9, 1925.

EDWIN A. OLSON, U. S. Attorney and JAMES G. COTTER, Special Asst. U. S. Attorney, for appellant.

ERNEST W. CLARK, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

This is an appeal from an order of the superior court directing the receiver in charge of the property of the General Combustion Company, an insolvent corporation, "to reject, disallow and disregard" the claim of appellant as Collector of Internal Revenue for taxes alleged to be due to the United States.

The order recites that the matter came on to be heard in the superior court upon the petition of the receiver for instructions as to the disposition of the collector's claim, which was filed on July 14, 1923; that on June 24, 1922, an order was entered requiring all persons having claims against said corporation to

406 APPELLATE COURTS OF ILLINOIS.

Reinecke v. General Combustion Co. et al., 237 Ill. App. 404.

file the same on or before August 1, 1922, which order also provided that "all persons, firms or corporations" who should fail to file their claims on or before August 1, 1922, should be forever barred from sharing in the property or assets of the corporation then in the possession of said court, and directed that a notice thereof be published for three weeks in some newspaper of general circulation published in Chicago, Illinois; that the receiver had published such a notice and had complied in all respects with such order; that the court being advised that the claim so made, if allowed and paid by the receiver, "would exhaust the assets" in the hands of the receiver, a request was made upon the collector "to show under the law the amount of tax due, or to submit an equitable basis of compromise authorized by the Secretary of the Treasury of the United States of America," and the disposition of the petition of the receiver for instructions was continued to afford time to the collector "to secure instructions and authority from the Secretary of the Treasury"; that more than sixty days had elapsed, and that said claimant "has failed to submit any proposition for the settlement of her claim."

From the terms of this order it would appear that the chancellor deemed the claim of appellant to be of such a doubtful character that he had suggested to the collector that she either "show under the law the amount of tax due," or submit an authorized equitable basis of compromise. But the record shows that the parties stipulated "that the only question at issue before the court in this cause and for appeal is an issue of law, to wit, whether or not in this a receivership proceeding in the State court where the cause is still pending and the assets undistributed, the order * * * requiring all persons having claims against the General Combustion Company, Insolvent, to file such claims on or before August 1, 1922, or else be forever barred from filing such claims, applies to the United

States of America or the Collector of Internal Revenue in case of a claim for federal taxes."

Such being the stipulation of the parties, the appellant has filed in this court only a *præcipe* record, containing certain orders and stipulations. This record shows that two claims were filed by appellant. The first was filed on June 13, 1923, and is a claim of the collector against the General Combustion Company, "Bankrupt," for an alleged capital stock tax assessed for the year 1922 under section 1000 of the Revenue Act of 1918, for $100.80 and interest. As to this claim, the order appealed from makes no mention of it, and there is no stipulation concerning it except that such a claim was filed. The second claim was filed on July 14, 1923, and is a claim of the collector against said "Bankrupt" for income taxes for the year 1918, levied under the Revenue Act of 1917, amounting to $12,521.41 and interest; and it was stipulated that the tax appears in "the original income tax assessment list for the month of June, 1923." This is the only claim mentioned in the order appealed from. It was further stipulated that no actual personal notice of the limitation order of June 24, 1922, was ever given to or served upon the collector, and that there has been no distribution of the assets of the insolvent corporation, but that the receiver has on hand the "sum of $14,000 cash money," subject to distribution.

Under the stipulation, the question of the validity or amount of appellant's claim is not before us. The only question is whether the federal government is barred from asserting its claim against the assets in the hands of the receiver because its claim was not presented on or before August 1, 1922, as required by the previous order of the superior court. To this question there can be but one answer, and that in the negative.

"The principle that the United States are not bound by any statute of limitations nor barred by any *laches* of their officers, however gross, in a suit brought by

them as a sovereign government to enforce a public right or to assert a public interest, is established past all controversy or doubt." (*United States v. Beebe*, 127 U. S. 338, 344.) "It is settled beyond doubt or controversy—upon the foundation of the great principle of public policy applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided—that the United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations, unless Congress has clearly manifested its intention that they should be so bound. *Lindsey v. Miller's Lessee*, 6 Pet. (U. S.) 666; *United States v. Knight*, 14 Pet. (U. S.) 301, 315; *Gibson v. Chouteau*, 13 Wall. (U. S.) 92; *United States v. Thompson*, 98 U. S. 486; *Fink v. O'Neil*, 106 U. S. 272, 281." (*United States v. Nashville, C. & St. L. Ry. Co.*, 118 U. S. 120.) No act of Congress has been cited, and we know of none, in which a contrary intention is manifested.

While counsel for the government have covered a wide field in their brief, we are of the opinion that the above quotations are decisive as to the only question involved on this appeal. Counsel discuss the questions, whether State insolvency laws are suspended by the National Bankruptcy Act, whether the government is entitled to priority over the claims of other creditors, whether a notice by publication of such a limitation order is binding upon the government, and similar questions. None of these questions is pertinent to the stipulated question at issue on this appeal. However, as the stipulated extract from the "tax assessment list" is a meaningless jumble of figures, when separated from its context and otherwise unexplained, and as neither the order appealed from, nor any other part of the *præcipe* record, shows that any evidence was heard, we deem it not wholly *obiter* for us to say that it is our understanding of the law that if the government has a valid claim against the insolvent corpora-

tion for unpaid taxes, its claim must be proved like any other claim, and, if allowed, its claim will have priority over the claims of other creditors (*Union Trust Co. v. Illinois Midland Co.*, 117 U. S. 434; Section 3466, U. S. Rev. Stat.) ; also, that it is the right of the federal government to present its claim for taxes at any time during the pendency of the receivership proceedings and before the assets are distributed. (*United States v. Birmingham Trust & Savings Co.*, 258 Fed. 562, 564.)

The suggestion contained in the order that the court might require the government to submit a proposition of settlement or compromise is clearly untenable. Section 3469 of the United States Revised Statutes authorizes the Secretary of the Treasury to compromise claims in favor of the United States, when recommended by the solicitor of the treasury, upon a report from a district attorney or any special attorney having charge of the claim. But we do not understand that it has ever been held that the court, by which a receiver has been appointed, may require the government, as a *condition* to either the filing or the allowance of its claim for taxes, to submit a proposition of settlement.

For the reasons stated the order of the superior court is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

BARNES and GRIDLEY, JJ., concur.