## VILLERE v. UNITED STATES. *

### In re JOHN P. RAUSCH CO., Inc.

Circuit Court of Appeals, Fifth Circuit.
April 8, 1927.

No. 4958.

1. **Insolvency** ⬅3—Sovereign is not bound by provisions of insolvency law, unless especially mentioned.

Sovereign is not bound by any of provisions of an insolvency law, unless especially mentioned therein.

2. **Bankruptcy** ⬅346—United States is entitled to preference in payment of taxes from assets of bankrupt estate.

In respect to taxes, United States is entitled to be paid by preference out of assets of bankrupt estate.

3. **Bankruptcy** ⬅328—Bankruptcy Act held not to bar presentation and payment of government's tax claim more than year after adjudication (Bankruptcy Act, § 57n [Comp. St. § 9641]).

Bankruptcy Act, § 57n (Comp. St. § 9641), does not operate as bar to presentation and payment of government's claim for income and internal revenue taxes more than a year after adjudication, but while estate is open and there are undistributed assets, since United States is not mentioned in such section and is therefore not bound thereby.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Benjamin C. Dawkins, Judge.

In the matter of the estate of the John P. Rausch Company, Inc., bankrupt. The District Court affirmed a ruling of the referee denying a motion to expunge a claim of the United States for certain income and internal revenue taxes, filed by the Commis-

*Rehearing denied May 23, 1927.

sioner of Internal Revenue, and Paul Villere, trustee in bankruptcy, appeals. Affirmed.

Percy S. Benedict, of New Orleans, La. (McCloskey & Benedict, of New Orleans, La., on the brief), for appellant.

Wayne G. Borah, U. S. Atty., and T. M. Logan Bruns, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from an order denying a motion to expunge a claim of the United States for certain income and internal revenue taxes, amounting to over $40,000, filed by the Commissioner of Internal Revenue against the bankrupt estate of John P. Rausch Company, Inc.

The undisputed facts are that said company was adjudicated bankrupt May 1, 1922, and the trustee, appellant herein, filed a provisional account on February 6, 1923, of which filing the collector was given notice by mail. No claim on behalf of the United States was filed at that time, and the money then in the hands of the trustee was distributed in accordance with his provisional account. Thereafter additional income and revenue taxes for the years 1918 and 1919 were assessed against the bankrupt, and on August 24, 1923, the claim in suit was filed with the refereee. When the claim was filed there were still about $9,500 of assets undistributed. The trustee sought to have the claim expunged on the ground that it had been presented more than a year after the adjudication, and was therefore barred by the provisions of section 57n, Bankruptcy Act of 1898 (Comp. St. § 9641). The referee ruled against this contention, and on appeal to the District Court the ruling was affirmed.

[1-3] Unquestionably the rule is that the sovereign is not bound by any of the provisions of an insolvency law, unless especially mentioned therein; and in respect to taxes the United States is entitled to be paid by preference out of the assets of the bankrupt estate. As the United States is not mentioned therein, the provisions of section 57n of the national Bankruptcy Act do not operate as a bar to the presentation and payment of a claim on behalf of the government, while the estate is open and there are undistributed assets. There is nothing in the case before us to take it out of the general rule. In re J. Menist Co. (C. C. A.) 294 F. 532; U. S. v. Birmingham Trust & Savings Co. (C. C. A.) 258 F. 562; Guarantee Title

& Trust Co. v. Title Guaranty & Surety Co., 224 U. S. 152, 32 S. Ct. 457, 56 L. Ed. 706.

The case of In re Anderson (C. C. A.) 279 F. 525, relied on by appellant, does not attempt to hold contrary to the general rule. It merely goes to the extent of holding that, as the bankruptcy court has jurisdiction to determine the amount and validity of the taxes claimed by the United States, the trustee may, by proper notice served on the collector, require him to file his claim within a time fixed, or otherwise be barred, to the end that settlement of the estate may not be unreasonably delayed. It is not applicable to the instant case, as the government is not seeking to reopen the provisional account, and makes no claim to the assets previously distributed.

Affirmed.