### UNITED STATES v. KAPLAN.

District Court, S. D. New York.

Sept. 1, 1933.

Maurice Shapiro, of New York City (Charles Seligson, of New York City, of counsel), for the motion.

George Z. Medalie, U. S. Atty., of New York City (by Maurice De Koven, Asst. U. S. Atty., of New York City), opposed.

WOOLSEY, District Judge.

This motion to dismiss is granted, without leave to amend.

I. Under the Bankruptcy Act of 1898 (see 11 USCA § 104), an indebtedness to the United States like that in question here has in all respects the same status procedurally in a bankruptcy court as any other indebtedness of a bankrupt. Cf. Guarantee Company v. Title Guaranty Company, 224 U. S. 152, 158 to 160, 32 S. Ct. 457, 56 L. Ed. 706, United States v. Wood, 290 F. 109, 115 (C. C. A. 2). Therefore, a claim must be filed in a bankruptcy proceeding if the United States wishes to enforce its indebtedness.

II. So in this case the United States, not having filed in the bankruptcy proceeding of the McGovern Trucking Corporation a claim based on its judgment against the bankrupt entered in this court on July 16, 1928, which was frankly scheduled by the bankrupt (cf. paragraph 6 of complaint), cannot after distribution of the bankrupt's estate hold the trustee thereof personally liable for the

564

amount of an indebtedness for which it failed to file claim in the bankruptcy proceeding wherein the bankrupt's creditors who wished to press their claims were all brought into concourse.

III. The trustee's knowledge of this claim of the United States, which may be inferred from the fact that it was scheduled, is not sufficient to charge him personally with the payment of it. So to charge the trustee it would be necessary to allege that the United States secured the status of a party to the bankruptcy proceeding by filing a claim therein, which, confessedly, it did not do, then that the claim had been allowed by the referee, and that the trustee had failed or refused to pay it. No wrongful act is alleged against defendant as trustee in this or any other respect.

Certainly a trustee should not be held personally liable after a proceeding in bankruptcy is closed because, in effect, the bankrupt had told him of an indebtedness which the creditor entitled to enforce it had apparently abandoned.

IV. The complaint therefore does not state a cause of action against the defendant, and the facts admitted on argument preclude any amendment by which it can be cured. The complaint will therefore be dismissed without leave to amend.

An order for a judgment of dismissal without costs may therefore be presented to me on the usual notice.