Anita STRAUS, not individually, but as Assignee for the benefit of Tasemkin, Inc., an Illinois Corporation, Plaintiff–Appellee,

v.

The UNITED STATES of America, Defendant–Appellee,

and

The State of Illinois, by and through the Illinois Department of Revenue, Defendant–Appellant.

No. 99–1237.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1999.

Decided Nov. 17, 1999.

---

Marc D. Sherman, Lincolnwood, IL, for Plaintiff–Appellee.

Brian F. Barov (argued), Office of the Attorney General, Criminal Appeals Division, Chicago, IL, Deborah L. Ahlstrand, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendant–Appellant Illinois Department of Revenue.

Joan Oppenheimer (argued), William S. Estabrook, Department of Justice, Tax Division, Appellate Section, Washington, DC, Thomas P. Walsh, Office of the United States Attorney, Civil Division, Chicago, IL, for Defendant–Appellee U.S.

Before WOOD, Jr., FLAUM, and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

The State of Illinois, by and through the Illinois Department of Revenue, appeals a grant of summary judgment entered in favor of the United States of America in an interpleader action removed to federal district court under 28 U.S.C. §§ 1441, 1444.

The parties dispute the priority of tax liens against the remaining funds of an insolvent debtor whose assets were liquidated under an assignment for the benefit of creditors. The District Court for the Northern District of Illinois held that under the Federal Insolvency Statute, 31 U.S.C. § 3713(a)(1), the United States' tax liens had priority over Illinois' tax liens and awarded the funds to the United States. For the reasons stated below, we affirm.

## Background

Tasemkin, Inc. ("Tasemkin") was an Illinois corporation that operated retail furniture outlets. On March 10, 1995, Tasemkin entered into an assignment for the benefit of creditors with Anita Straus. Pursuant to the assignment, Tasemkin transferred to Straus all assets of the corporation. Thereafter, Straus liquidated the assets of Tasemkin and paid her administrative costs. After liquidating the assets of Tasemkin and paying her administrative costs, the net proceeds totaled $59,739.05.

As a retailer operating in the state of Illinois and employing a number of individuals, Tasemkin had been, prior to the assignment, liable to Illinois and to the United States for various taxes, including sales taxes and state and federal employment taxes. These taxes remain unpaid. Straus filed an interpleader action in the Circuit Court of Cook County, Illinois, seeking resolution of conflicting claims to the net proceeds of the liquidation in the amount of $59,739.05 plus accrued interest ("the fund") and seeking a determination of the respective rights of Illinois and the United States in the fund. After the matter was removed to federal district court, Illinois and the United States filed cross-motions for summary judgment.

In the cross-motions for summary judgment both parties recognized that the total due from the first seven assessments of both state and federal taxes would exhaust the fund. For only one of the first seven

assessments had the United States assessed before Illinois; for six of the first seven assessments, Illinois had assessed taxes prior to the United States.* The United States argued that under the Federal Insolvency Statute, its tax liens had an absolute priority over the tax liens of Illinois, and it therefore had the primary right to the net proceeds of the fund. Illinois argued that because all but one of its liens became choate prior to the United States' liens, the federal liens were not prior in right, and Illinois had the superior right to all but $4,863.13 of the fund.

On October 22, 1998, the district court granted summary judgment in favor of the United States and denied Illinois' motion for summary judgment. The district court held that the Federal Insolvency Statute provides priority to the United States' tax liens, and it rejected Illinois' argument that its antecedent choate liens were an exception to this priority. Illinois appeals this decision.

### Analysis

The starting point of our analysis is the Federal Insolvency Statute. 31 U.S.C. § 3713. It grants an unqualified priority of payment for all claims due to the United States from an insolvent debtor:

A claim of the United States Government shall be paid first when—

(A) A person indebted to the Government is insolvent and—

(i) the debtor without enough property to pay all debts makes a voluntary assignment of property;

(ii) property of the debtor, if absent, is attached; or

(iii) an act of bankruptcy is committed; or

(B) the estate of a deceased debtor, in the custody of the executor or admin-

istrator, is not enough to pay all debts of the debtor.

31 U.S.C. § 3713(a)(1).

Although the Federal Insolvency Statute, on its face and taken alone, is absolute, *see United States v. Vermont*, 377 U.S. 351, 357, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964) (explaining that this section "on its face permits no exception whatsoever ...."), the Supreme Court has recognized several exceptions to the general priority rule the statute dictates. The first exception is for a specific and perfected lien. For a lien to be sufficiently specific and perfected to be excepted from the operation of the Federal Insolvency Statute, title to or possession of the debtor's property must have been conveyed to the lienor before the right of preference accrued to the United States. *Thelusson v. Smith*, 15 U.S. (2 Wheat.) 396, 426, 4 L.Ed. 271 (1817). The "title or possession" requirement for this exception was reaffirmed in *United States v. Gilbert Associates*, where the Court explained that "the United States has no claim against property no longer in the possession of the debtor." 345 U.S. 361, 366, 73 S.Ct. 701, 97 L.Ed. 1071 (1953) (holding that the United States' liens cannot trump another party's liens where that party has gained possession or title to the debtor's property). Alternatively, an exception may be created by another federal statute. The Supreme Court has repeatedly stated that " '[o]nly the plainest inconsistency would warrant our finding an implied exception to the operation of so clear a command as that of [the Federal Insolvency Statute].' " *United States v. Moore*, 423 U.S. 77, 82–83, 96 S.Ct. 310, 46 L.Ed.2d 219 (1975) (quoting *United States v. Emory*, 314 U.S. 423, 433, 62 S.Ct. 317, 86 L.Ed. 315 (1941)). In *Cook County Nat'l Bank v. United States*, 107 U.S. 445, 448–51, 2 S.Ct. 561, 27 L.Ed. 537 (1883), the Court determined that the priority statute did not govern federal

---

* The United States contends that two of its assessments were assessed prior to the corresponding Illinois assessments, but the resolu-

tion of this dispute would not affect our result in this case.

claims against national banks because the National Bank Act comprehensively regulated the distribution of insolvent banks' assets. In *United States v. Guaranty Trust Co. of N.Y.*, 280 U.S. 478, 485, 50 S.Ct. 212, 74 L.Ed. 556 (1930), it concluded that the Transportation Act of 1920 superseded the priority statute with respect to federal claims against railroads arising under the Act. And in *Guarantee Title & Trust Co. v. Title Guaranty & Surety Co.*, 224 U.S. 152, 158–60, 32 S.Ct. 457, 56 L.Ed. 706 (1912), it resolved a tension between the Bankruptcy Act of 1898 and the priority statute by applying the former with respect to the federal government's claims to certain kinds of debts.

Last year the Supreme Court handed down its most recent decision addressing exceptions to the general federal priority rule. *United States v. Estate of Romani*, 523 U.S. 517, 118 S.Ct. 1478, 140 L.Ed.2d 710 (1998). It held in that case that an unrecorded federal tax lien did not have priority over a judgment lien that had been perfected under Pennsylvania law. In so doing, the Court held that the general rule that the United States "shall be paid first" established by the Federal Insolvency Statute was superseded by the Tax Lien Act of 1966, 26 U.S.C. § 6323(a), which establishes that a federal tax lien shall not be valid against "[p]urchasers, holders of security interests, mechanic's lienors, and judgment lien creditors." Because the judgment creditor had perfected its lien on the debtor's real property in Pennsylvania before the debtor's death and before the United States served notice of its tax liens, the Court concluded that the unrecorded federal tax liens could not claim priority over the earlier-recorded judgment under Pennsylvania law. *Estate of Romani*, 523 U.S. at ——–——, 118 S.Ct. at 1482–83.

Illinois urges us to interpret *Estate of Romani* broadly. It reads the decision as an effort by the Supreme Court to effectuate Congress' desire, embodied in the Tax Lien Act of 1966, to protect choate liens from later-arising federal tax liens. Illinois contends that the Supreme Court justified its holding on the policies of protecting commercial expectations and the uniform treatment of solvent and insolvent taxpayers alike, *see id.* at ——–——, 118 S.Ct. at 1487–88, and that we should, in turn, craft a rule consistent with that movement towards uniformity.

■ Following this broad interpretation of *Estate of Romani*, Illinois argues that the policy concerns underlying the Supreme Court's decision would best be served by applying the common law "first in time is first in right" rule to this case. That rule would give priority to the lien that first became choate, which here would mean that priority corresponds to the order of the tax assessments. *See United States v. City of New Britain*, 347 U.S. 81, 84, 74 S.Ct. 367, 98 L.Ed. 520 (1954) (stating that a lien becomes choate "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established"). Illinois recognizes that the "first in time" rule has been applied under federal law in the context of competing claims against solvent debtors, rather than insolvent debtors like the one involved here. *See United States v. Vermont*, 377 U.S. 351, 357–59, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964); *City of New Britain*, 347 U.S. at 85, 74 S.Ct. 367. It contends, however, that *Estate of Romani* effectively abandoned this distinction. Under Illinois' interpretation in strong favor of uniformity between solvent and insolvent debtors, *Estate of Romani* would dictate that a choate lien defeats the federal priority in insolvency, just as it would if the debtor were solvent.

We disagree that the "first in time" rule governs this case because we do not accept Illinois' broad reading of *Estate of Romani*. While the Supreme Court justified its decision with reference to the policy concerns Illinois points to, it ultimately relied on the long-standing proposition noted above that the general federal priority rule should give way to a specific, inconsistent

provision in a later federal statute. 523 U.S. at —– —–, 118 S.Ct. at 1486–87. The Court recognized an exception to the general Federal Insolvency Statute rule, but it did so in light of a later, "more specific statute"—namely, the Tax Lien Act of 1966—just as it had done so in prior cases involving the National Bank Act, the Transportation Act of 1920, and the Bankruptcy Act of 1898. *Estate of Romani*, 523 U.S. at —– —–, 118 S.Ct. at 1486–87.

Illinois has failed to show that its tax liens fall within the specifically enumerated categories in the Tax Lien Act, as did the creditor in *Estate of Romani*, nor can Illinois point to another applicable, subsequent statutory provision that is inconsistent with the Federal Insolvency Statute's commands. *See Illinois ex rel. Gordon v. United States*, 328 U.S. 8, 11–12, 66 S.Ct. 841, 90 L.Ed. 1049 (1946) (noting that previous cases which held that the predecessor statute to Section 3713 did not give the United States priority over certain other types of claims "did so because later Acts were found to contain provisions plainly inconsistent with United States priority"). Absent such a showing, the general federal priority rule governs, and the district court was therefore correct in denying Illinois' attempts to shoehorn its tax liens into the rule's narrow exceptions.[1]

## Conclusion

For the reasons stated herein, we AFFIRM the district court's decision in favor of the United States' motion for summary judgment and against Illinois' motion for summary judgment.

AFFIRMED

---

1. We also agree with the district court that Illinois cannot claim priority under the exception for parties who have gained possession or title to the debtor's property. The Supreme Court in *Estate of Romani* "[a]ssumed[ed] the validity of this 'title or possession' test for deciding whether a lien on personal property is sufficiently choate for purposes of the priority statute." 523 U.S. at —–, 118 S.Ct. at 1486. Illinois did not divest Tasemkin of title to or possession of its property when the federal priority accrued under the Federal Insolvency Statute. Therefore, it did not have a specific, perfected lien that was excepted from the federal priority rule.