**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2009[*]
Decided June 23, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-4020

| | |
|---|---|
| BRIAN HILVETY, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
|     *v.* | No. 08-2188 |
| | |
| R.A. MITCHELL and ARLIE | Michael P. McCuskey, |
| ALEXANDER, | *Chief Judge*. |
|     *Defendants-Appellees*. | |

**O R D E R**

Brian Hilvety, proceeding pro se, sued two employees of the Internal Revenue Service in Illinois state court. The case was removed to federal district court where it was dismissed. We affirm the judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

This action arose when the IRS, through the named defendants, filed tax liens against Hilvety in Macon County, Illinois. The two liens list unpaid income taxes dating back as far as 1997. Hilvety responded by suing the two IRS employees in the Circuit Court of Macon County, accusing them of violating his rights under the Constitution. Essentially, though, Hilvety simply claims that the tax liens are invalid because they are not premised on a judgment from an Illinois court. Hilvety asked the state court to invalidate the liens and remove them from the county records. The United States, construing the lawsuit as one against the defendants in their official capacity, removed the action to federal court. The district court then dismissed the complaint with prejudice for, among other grounds, failure to state a claim.

On appeal Hilvety argues that removal of his case to federal court was improper; he also repeats his contention that the tax liens are invalid because they are not premised on state-court judgments. Both assertions are frivolous. Hilvety's lawsuit alleges that federal employees engaged in unconstitutional conduct in the course of their employment, so removal to federal court was appropriate under both § 1441(a) and § 1442(a)(1) of Title 28. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 966 (7th Cir. 2000); *Straus v. United States*, 196 F.3d 862, 863 (7th Cir. 1999). Moreover, dismissal was proper because no state-court judgment is required for the IRS to file a notice of federal tax lien. *See* 26 U.S.C. §§ 6321, 6323; *United States v. Swan*, 467 F.3d 655, 656 (7th Cir. 2006).

This litigation is the latest in a series of frivolous lawsuits by Hilvety. When we last encountered him, we sanctioned him $8,000 for filing a frivolous appeal. *See Hilvety v. Comm'r of Internal Revenue*, 216 F. App'x. 582, 584 (7th Cir. 2007). That sanction remains unpaid. We order Hilvety to show cause within 14 days why further sanctions (including a filing bar under *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir.1995)) should not be imposed.

AFFIRMED.