## UNITED STATES v. WHISENANT.
### No. 11633.

Court of Civil Appeals of Texas. Dallas.
Oct. 13, 1934.

Rehearing Denied Nov. 10, 1934.

Frank J. Wideman, Asst. Atty. Gen., and Andrew D. Sharpe and Clarence E. Dawson, Sp. Assts. to the Atty. Gen., all of Washington, D. C., Clyde O. Eastus, U. S. Atty., of Fort Worth, and Joe H. Jones, Asst. U. S. Atty., of Dallas, for the United States.

L. H. Harrell, of Ada, Okl., and M. N. Chrestman and L. E. Elliott, both of Dallas, for defendant in error.

JONES, Chief Justice.

A receivership is pending in the Ninety-Fifth judicial district court of Dallas county, on the property of John W. Hooser, and Herbert W. Whisenant is the duly qualified and acting receiver. This appeal results from the refusal of the trial court to allow the United States to intervene and file its claim for income taxes, assessed against Hooser prior to the receivership. For convenience, the parties will be referred to as appellant and appellee. The following are the necessary facts:

On July 6, 1928, the collector of internal revenue of Dallas received an assessment of income taxes against John W. Hooser and wife, for the years 1924 and 1925, amounting to $31,320.04; and on August 10, 1931, such collector received an assessment of income taxes for the year 1927 for the amount of $14,321.93. Notices of liens to secure both assessments were duly filed under a United States statute providing therefor.

Appellee was duly appointed receiver September 9, 1931, and immediately qualified and received into his possession all of the property belonging to Hooser. A master in chancery was appointed, and, by an order of court, all of the claims filed were referred to him for adjudication.

On November 13, 1931, an order was duly entered by the district court, requiring all claims to be filed by January 15, 1932, and barring from participation in the assets all claims not filed within such time. The order directed its publication in a newspaper of general circulation in the counties of Dallas, Tarrant, Smith, Rusk, and Gregg was duly published in obedience thereto, and a copy of such order mailed to the address of all the then known creditors. The United States was not known as a creditor at this time, and was not named in the order, nor was a copy of the order mailed to the collector of internal revenue, in Dallas, or to any other government official.

On April 9, 1932, another bar order was entered, fixing May 15, 1932, as the final date for filing claims, and providing that the failure to file a claim within said time would be a bar to participation in the receivership estate. This order was silent as to any publication, and it was not published in any newspaper; like the former order, it did not name the United States as a claimant, and no copy thereof was sent to the collector of internal revenue at Dallas, or to any other government official, charged with the duty of collecting income taxes.

The undisputed evidence shows that Thomas F. Johnson was the assistant to the collector of internal revenue in Dallas, and that his duties were particularly concerned with the collection of income taxes from estates in bankruptcy, receiverships, and administrations; that he did not learn of the receivership in question until in July, 1932; that, when such knowledge was received, on July 21, 1932, the collector of internal revenue at Dallas filed with the clerk of the district court, where the receivership was pending, a claim for the income taxes, above named, amounting to $45,641.97, claimed a first and prior lien against the assets of said estate, for the payment of said taxes, under section 3466, Rev. St. (USC, tit. 31, § 191 [31 USCA § 191]). This claim was referred by the clerk to the special master. At the time it was filed, neither the collector of internal revenue nor said assistant collector knew of the existence of either of the bar orders, above described. The claim was promptly prepared and filed, as soon as the assistant collector, Johnson, had knowledge of the pending receivership.

On November 2, 1932, the receiver filed a motion to strike the claim of appellant, filed with the clerk and referred to the special master, for the reason that it was filed after May 15, 1932, and, on November 12, 1932, the special master refused to consider the claim, for want of special leave of the court to intervene after May 15, 1932, the date of the expiration of the last bar order, and appellant was duly notified of this action. Appellant then promptly filed its plea of intervention. This plea of intervention negatived any knowledge of appellant's authorized agents of the existence of either bar order, when the claim was filed July 21, 1932, and asked the court for a nunc pro tunc order, permitting the plea of intervention as of the date of July 21, 1932, the date the claim was filed with the clerk of the court; also that, in the event such nunc pro tunc order be denied, it then be granted leave to intervene and file and present the claim for income taxes. It is alleged in the plea that there had been no distribution of the assets of the estate, and no application for such distribution at the time of the filing of this plea; that the special master had not made a final report as to the adjudication of the claims referred to him, and that no claim would be prejudiced by the allowance of its claim for taxes.

The receiver's answer to this plea of intervention, after setting up the history of the receivership, as above given, alleged in effect that the master in chancery, during the months of May, June, and the succeeding months of 1932, had heard evidence on all claims filed, and that the master had prepared his findings and recommendations, but such report had not been presented, at the request of the attorney for the receiver, pending the adjudication of one or more small claims; that, as a result of such hearings and negotiations, by the receiver and creditors, all claims were finally settled and determined, and liens fixed by the master in his recommendation to be made to the court, without any exception or threat of appeal, except in one case of unpaid royalties; that, as a result of the hearings before the master, and upon recommendations of the master, a contract was entered into by and between the receiver, and W. H. Goodnight and 40 others, who had interests in the properties belonging to the estate, whereby certain properties were paid by the receiver to Goodnight and the others, and under which contract the receiver agreed to pay as a part of the consideration for the property received into the estate from Goodnight and the others ten certain claims and obligations, aggregating $14,292.49; that the receiver entered into agreements with royalty owners under the McElroy lease, and compromised their several respective claims; that certain oil payments claimed by various

parties, as past-due and unpaid prior to the receivership, were compromised by agreements with the receiver; that, in addition thereto, all claims against the estate were either agreed to between the receiver and such claimants or fixed satisfactorily with the claimants by the findings of the master; that all of this work by the master had been done on the basis of the then known claims; and that to allow appellant to intervene and set up its claim would call for a readjustment of all such claims. On the hearing, the facts alleged by appellant were established by competent evidence, and the facts alleged by appellee, in reference to the delay and readjustment of all claims, were likewise established. It is clearly established that, to allow appellant's plea of intervention, the final winding up of the receivership will be very much delayed.

The contention of appellant is that, as it was not named in either of the bar orders entered by the lower court, as a copy of neither order was sent to the office of the collector of internal revenue, and as such office had no actual knowledge or notice of such orders, it is not bound by the terms of either; that, as it presented its claim for income taxes without delay, after it had knowledge of the existence of the receivership, and as the special master had made no report on the various claims referred to him for adjudication, its claim should have been adjudicated by the master, without reference to either of the orders. Appellant also contends that, when it received notice of the existence of the bar orders, by means of a copy of the written objection of the receiver to its claim filed, and for the first time had knowledge of the existence of the bar orders, it filed its plea of intervention, without delay, and that the trial court erred in refusing to allow such plea, and in not permitting the consideration by the special master of its claim for income taxes.

Appellee contends that appellant had notice of the receivership and of the first bar order, through its said publication, and further, as an employee in the Income Tax Department, whose duty it was to assist in the preparation of income tax reports by receivers, knew of such receivership in March, 1932, appellant had knowledge of the existence of the receivership prior to the issuance of the second bar order, and that, having such knowledge, it became appellant's duty to make inquiry as to all facts in the receivership proceedings which affected its right to file the claim; that, as approximately all of the other claims against the receiver had already been adjudicated on the basis of the then known indebtedness, which did not include appellant's large claim, to allow such claim would require a readjustment of every claim and compromise with creditors that had been adjudicated, hence to allow appellant's claim would necessarily incur a long delay in winding up the affairs of the receivership, and that, by reason of such facts, the court did not err in striking out appellant's claim and in refusing its plea of intervention.

The questions for adjudication are: (1) Do the facts and circumstances in this case charge appellee with notice of the existence of either bar order? and, if this question be answered in the affirmative, then (2) Did the trial court abuse its discretion in denying the plea of intervention and the right of the government to establish an income tax claim in the receivership proceedings of an insolvent estate?

■ In respect to the first issue, it may be stated that, in the orderly administration of an estate through a receiver, the trial court should make an order prescribing the limit within which claims against the estate must be filed. Fletcher's Cyclopedia on Corporations, vol. 16, § 7900, and authorities cited under the text. Appellant does not question the duty of a court, administering a receivership estate, in this respect. It is likewise a general rule that, if a claim be not filed within the limit prescribed by the bar order, a claimant cannot share in the distribution of the estate, unless such claimant presents a valid excuse for the delay. Fletcher's Cyclopedia on Corporations, supra. Want of legal notice of the existence of a receivership and bar order is generally accepted as a valid excuse for not filing a claim, provided there has not been a distribution among the creditors of the assets of the estate, and provided the claimant acted without undue delay after he had knowledge of the receivership. The only notice of the existence of the receivership and the resultant bar orders that can be visited upon appellant is the publication following the entry of the first bar order. Is such character of notice binding on appellant?

■ The general rule in respect to the publication of such bar order, and its effect upon claimants, is thus announced in 53 C. J. 237: "Reasonable publication of an (bar) order constitutes regular and binding notice thereof, and further notice or knowledge is not necessary." This same section of Corpus Juris also declares that: "Knowledge of the exclusive possession and control of property by a court through its receiver, places a claimant of ordinary prudence upon inquiry

as to all measures requisite for him to pursue in order to share in the distribution, including the order limiting the time for filing the claim." This same section of Corpus Juris makes an exception to the general rule it thus announces in favor of claims of the United States for taxes, and declares that: "A claim by the United States for taxes is not barred by laches in asserting the claim in state receivership proceedings, and it may be presented at any time during the pendency of the receivership proceedings and before the assets are distributed; however, in receivership proceedings in a Federal Court, a claim of the United States for taxes, not timely filed, is not a provable claim, provided the (bar) order names the United States." Authorities are cited by the text sustaining each announcement made in said section, and we adopt such rule of law and the exception in favor of the United States in tax claims.

■ The rule we. announce in this case— that a bar order in a receivership is not binding on the United States in a tax claim against the receiver, and does not bar such claim unless such order either names the United States as a claimant or is served upon a proper agent—is not at variance with the authorities cited by appellee. In the case of United States v. Middle States Oil Corporation, 18 F (2d) 231, 238, 57 A. L. R. 848 (apparently specially relied upon by appellee), a Circuit Court of Appeals opinion, the United States was denied the right to file a claim for taxes in a receivership case. One of the reasons announced for this ruling is that: "Ample time and notice thereof were given to file all claims. A special show cause order was issued on the collector of internal revenue. No attention seems to have been paid to it, and the claim now asserted was presented more than 13 months thereafter."

In the case of Phelan v. Middle States Oil Corp., 15 F.(2d) 88, 89, by Judge Atwell for the Northern District of Texas, also relied upon by appellee, it is announced with a long citation of authorities: "It may also be conceded that an order which does not name the United States, like a statute which does not name the United States, will not bind them." In the reported case, the United States was denied a right on its claim to share in the assets of the receivership, in part because of the long time that would be required to readjust all adjudicated claims, and, in part, on the ground that the claim for taxes could be collected against the corporation in the hands of the receiver, as well after the discharge of the receiver as before. This decision, we believe, announces a sound rule of law, but certainly is not an authority against the correctness of the rule of law we have announced in the instant case. The two authorities cited by appellee and here reviewed appear to be fair examples of the authorities relied upon by him.

The second bar order was not published, and no character of notice of its existence was visited upon appellant, except that a clerk in the internal revenue office knew, in March, of the existence of the receivership, but he had nothing to do with the collection of taxes in receivership cases, and notice to him is not notice to appellant.

■ We therefore find that appellant had no knowledge or notice of the existence of the receivership until a very short time before it filed its claim with the clerk of the court in which the receivership was pending, that it had no actual notice or knowledge of the existence of either bar order until it was served with a copy of the written objection filed by the receiver to its claim, and that it then promptly filed its plea of intervention, setting up the valid excuse of want of notice for the delay; it necessarily follows from such findings that there was an abuse of discretion of the trial court in denying appellant the right to present and prove its claim for income taxes, for which reason the judgment of the trial court denying the plea of intervention is reversed and here rendered in favor of appellant, directing the trial court to permit appellant to file its plea of intervention.

Reversed and rendered.

### On Motion for Rehearing.

Defendant in error, in his motion for rehearing, calls our attention to the fact that, in the original opinion, it is stated, "The receivership estate is shown to be insolvent," when such matter was not an adjudicated question before the trial court on the hearing resulting in the order appealed from, and that such finding should be stricken out. We agree with defendant in error on this matter, and will make the correction by striking such finding from the statement of the case in the original opinion.

Other matters raised on the motion for rehearing have been fully considered, with the result that the motion is overruled.

Overruled.